2005 ND 110

**David C. BERLIN, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20050030.**

Supreme Court of North Dakota.

June 22, 2005.

Jeff A. Bredahl (argued) and Tracy Andrew Gompf (on brief), Bredahl, Frisk & Gompf, Fargo, ND, for petitioner and appellant.

Aaron Grayson Birst, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] David Berlin appealed from an order summarily dismissing his application

for post-conviction relief. We hold Berlin has raised genuine issues of material fact entitling him to an evidentiary hearing on his post-conviction application. We, therefore, reverse and remand for further proceedings.

## I

[¶ 2] At a hearing on November 13, 2003, Berlin, with the assistance of court-appointed counsel, pled guilty to class C felony theft of property in violation of N.D.C.C. § 12.1–23–02 and class A misdemeanor fleeing or attempting to elude a police officer in violation of N.D.C.C. § 39–10–71. In an amended criminal judgment, entered on December 22, 2003, Berlin was sentenced to two years incarceration on the theft of property violation and was sentenced to one year incarceration on the conviction for fleeing a police officer, with the sentences to run concurrently.

[¶ 3] On July 21, 2004, Berlin filed a pro se application for post-conviction relief. The State submitted a response, and indigent defense counsel was appointed and filed a notice of appearance on August 19, 2004. Through appointed counsel, Berlin requested additional time to supplement the application for post-conviction relief, which was granted by the district court.[1] A supplemental application for post-conviction relief was filed with the assistance of counsel, which included a request for an evidentiary hearing and the same three allegations on the merits as contained in the original pro se petition: (1) the prosecution failed to disclose evidence favorable to Berlin, because a complaint by the alleged victim was never filed; (2) Berlin

was compelled to be a witness against himself in pleading guilty to the charges; and (3) Berlin received ineffective assistance of counsel, because his attorney told Berlin he would receive a four-month sentence rather than the two-year sentence imposed by the court. The district court, on its own motion and without granting an evidentiary hearing, summarily denied Berlin's application for post-conviction relief.

## II

[¶ 4] On appeal, Berlin asserts the district court committed error by denying his petition without first granting him an evidentiary hearing. Berlin claims there are genuine issues of material fact, especially regarding his ineffective assistance of counsel claim, for which he should be given an evidentiary hearing:

> It has been suggested by various individuals, including the District Court Judges, prosecutors, and defense attorneys, as well as officials at Thompkins Center that treatment at Thompkins can result in a reduction of time served on a sentence. However, this is not based on any statute, rule, or policy known to counsel. Therefore, it would be speculation that Appellant Berlin would actually serve four (4) months on a two (2) year straight-time sentence. An evidentiary hearing would shed light on this issue to determine if, in fact, Appellant Berlin was told that he would serve four (4) months, which he relied upon as an inducement to plead guilty.

---

1. In requesting additional time to supplement the original petition, court-appointed counsel stated he intended "to supplement the initial Application after a thorough examination of the record and after an opportunity to obtain additional transcripts or other evidence, if necessary." The subsequent amended petition, while including a request for an evidentiary hearing, in essence stated the same issues on the merits as contained in the original pro se petition, without additional supplementary material, and this may have misled the district court when deciding whether an evidentiary hearing was necessary or warranted.

[¶ 5] The State asserts Berlin's issues are without merit, and the district court did not err in summarily dismissing the petition.

[¶ 6] The explicit purpose of the Uniform Post–Conviction Procedure Act under N.D.C.C. ch. 29–32.1 is to provide a method to develop a complete record to challenge a criminal conviction. *Eagleman v. State*, 2004 ND 6, ¶ 4, 673 N.W.2d 241. Under N.D.C.C. § 29–32.1–09, the district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law:

1. The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

2. If an evidentiary hearing is necessary, the court may determine which issues of material fact are in controversy and appropriately restrict the hearing.

We review an appeal from a summary denial of post-conviction relief as we review an appeal from a summary judgment. *Whiteman v. State*, 2002 ND 77, ¶ 7, 643 N.W.2d 704. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Id.*

[¶ 7] The statute does not expressly allow the court to dismiss on its own motion an application for post-conviction relief. It says the court "may grant a motion by either party for summary disposition."

However, a summary dismissal of a post-conviction application is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted. In such cases, we have held that a trial court may, on its own initiative, and in the cautious exercise of its discretion, dismiss a complaint for failure to state a valid claim under Rule 12(b). *Isaac v. State Farm Mut. Auto. Ins.*, 547 N.W.2d 548, 550 (N.D.1996). We have warned this power must be exercised sparingly and with great care to protect the rights of the parties, and the court should dismiss under Rule 12(b) only when certain it is impossible for the plaintiff to prove a claim for which relief can be granted. *Ennis v. Dasovick*, 506 N.W.2d 386, 389 (N.D.1993). The power of the court to dismiss a claim on its own motion under Rule 12(b) derives from the court's inherent authority to dismiss a meritless claim. *See Albrecht v. First Fed. Sav. & Loan Ass'n*, 372 N.W.2d 893, 894 (N.D.1985). We hold the trial court possesses the same inherent authority under N.D.C.C. § 29–32.1–09 to summarily dismiss an application for post-conviction relief when the statutory triggering conditions are met, i.e., there is no genuine issue as to any material fact and the party in whose favor the dismissal is entered is entitled to judgment as a matter of law.

[¶ 8] Ordinarily, a claim of ineffective assistance of counsel should be resolved in a post-conviction relief proceeding so the parties can fully develop a record on the issue of counsel's performance and its impact on the defendant's case. *State v. Palmer*, 2002 ND 5, ¶ 12, 638 N.W.2d 18. An applicant for post-conviction relief need not provide evidence or proof with the application, but must set forth a concise statement for each ground of relief and specify the relief requested. *Eagleman*, 2004 ND 6,

¶ 11, 673 N.W.2d 241. For the court to summarily dismiss the application under N.D.C.C. § 29–32.1–09, there must be no dispute as to either the material facts or the inferences to be drawn from undisputed facts and the State must be entitled to judgment as a matter of law. *Id.*

[¶ 9] Berlin's claims present a problem for summary dismissal because the district court did not conclude they were facially invalid. In its order denying relief the district court stated:

> Berlin claims relief because the prosecution failed to disclose evidence favorable to petitioner in that a complaint by the alleged victim was never actually filed; he received ineffective assistance of counsel because petitioner was told that he would receive a four month sentence and instead received a sentence of two years; and petitioner asserts that his Fifth Amendment rights were violated, in that he was compelled to be a witness against himself. After reviewing the record, the Court concludes that a complaint was filed, the petitioner voluntarily pled guilty after he was informed of the charges, and his Fifth Amendment rights were not violated. Petitioner provides no evidence to support his claims.

Rather than deciding the claims were facially invalid, the court merely concluded "[p]etitioner provides no evidence to support his claims." However, as we have already noted, under *Eagleman*, 2004 ND 6, ¶ 11, 673 N.W.2d 241, a petitioner need not provide evidence with an application. Furthermore, in its written response to Berlin's petition, the State implies there is an evidentiary question relating to Berlin's ineffective assistance of counsel claim:

> In this case, the Petitioner also alleges a Constitutional violation because his court appointed counsel violated the Petitioner's Constitutional rights by telling him "I do 4 months ... but got 2–

years." At the sentencing hearing, the petitioner was advise[d] the court could impose any sentence it wanted. *Additionally, the Petitioner's court appointed attorney would dispute that he promised the petitioner that he would receive the sentence the petitioner now alleges.*

(Emphasis added.) Thus, the State's response indicates the existence of a genuine issue of material fact precluding a right to judgment as a matter of law.

[¶ 10] To be successful in pursuing a claim of ineffective assistance of counsel, a defendant must first show counsel's performance was deficient and then must show the deficient performance prejudiced the defendant. *See State v. Palmer,* 2002 ND 5, ¶ 11, 638 N.W.2d 18. Berlin claims that his attorney told him he would receive a four-month sentence upon pleading guilty rather than the two-year sentence of incarceration imposed by the district court. Although we have held counsel's alleged ineffective assistance did not constitute reversible prejudice where the record showed the defendant's guilty plea was voluntary, the defendant in that case was afforded an evidentiary hearing on his claim for post-conviction relief. *Greywind v. State,* 2004 ND 213, ¶ 4, 689 N.W.2d 390. An evidentiary hearing would allow Berlin the opportunity to demonstrate whether he was wrongfully misled by his defense attorney and whether his attorney's conduct fell below the acceptable standard of representation. In a case where the court finds an allegation of deficient performance by counsel is facially invalid, a summary dismissal similar to a judgment on the pleadings may be appropriate. Here, however, the district court said that it had reviewed the record and had found "no evidence" to support Berlin's claims, rather than concluding the claims were facially invalid.

III

[¶ 11]   We hold the district court erred in summarily dismissing Berlin's claims without affording Berlin an evidentiary hearing.   We, therefore, reverse the court's order summarily dismissing the post-conviction application and remand for further proceedings.

[¶ 12] CAROL RONNING KAPSNER, DALE V. SANDSTROM and MARY MUEHLEN MARING, JJ., concur.