2006 ND 61

**Steve Lee PARIZEK, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Nos. 20050260–20050262.**

Supreme Court of North Dakota.

March 29, 2006.

**180**

DeWayne A. Johnston, Grand Forks, ND, for petitioner and appellant. Submitted on brief.

Lonnie Olson, State's Attorney, Devils Lake, ND, for respondent and appellee. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Steve Parizek appealed from an order dismissing his application for post-conviction relief. Parizek was convicted of manufacturing methamphetamine, possession of marijuana, possession of drug paraphernalia, and possession of methamphetamine. Parizek appealed those criminal judgments to this Court challenging an order denying suppression of evidence and we affirmed in *State v. Parizek*, 2004 ND 78, 678 N.W.2d 154. Parizek subsequently filed the application for post-conviction relief which is the subject of this appeal. We reverse and remand for further proceedings in accordance with this opinion.

I

[¶ 2] On September 4, 2002, officers from the Devils Lake Police Department were dispatched to a mobile home park to check on a disturbance at Ryan Miller's home. Miller had informed police someone was repeatedly knocking on his door. When the officers arrived at the mobile home park just after midnight, they approached with their vehicle lights turned off. The officers parked their vehicle some distance from Miller's home. There was a blue van in Miller's driveway. One person was inside the van and two people were standing by the mobile home door talking to Miller. One officer approached the people standing by the door and the other officer remained near the van. Parizek was one of the individuals standing by the door. Officers grew suspicious of Parizek when he became "jumpy" and continuously reached into his pockets. The officers were able to see directly into the back

of the van. In the van, officers saw most or all of the components necessary for a meth lab. Officers determined the van belonged to Parizek based on a registration sticker in the window of the van. Officers also found a metal cylinder belonging to Parizek.

## II

[¶ 3] In his application for post-conviction relief, Parizek alleged numerous claims of ineffective assistance of counsel and claims of prosecutorial misconduct. No supporting documentation was filed with Parizek's application. An attorney, subsequently appointed for Parizek, filed a supplement to Parizek's application for post-conviction relief. The State opposed the application for post-conviction relief. The district court found Parizek's seventeen statements to be nothing more than conclusory comments that were not supported. The district court found Parizek did not set forth factual specifics and did not provide details about the allegations. The district court found Parizek failed to raise any genuine issues of material fact which would justify an evidentiary hearing and summarily dismissed Parizek's application for post-conviction relief.

## III

[¶ 4] This Court reviews an appeal from a summary denial of post-conviction relief as it reviews an appeal from a summary judgment. *Berlin v. State*, 2005 ND 110, ¶ 6, 698 N.W.2d 266. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.* "Although we have stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition

without an evidentiary hearing, we have upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations." *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355. Section 29–32.1–09(1), N.D.C.C., provides:

> The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

[¶ 5] "The statute does not expressly allow the court to dismiss on its own motion an application for post-conviction relief." *Berlin v. State*, 2005 ND 110, ¶ 7, 698 N.W.2d 266. "It says the court 'may grant a motion by either party for summary disposition.'" *Id.* "However, a summary dismissal of a post-conviction application is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted." *Id.* "In such cases, we have held that a trial court may, on its own initiative, and in the cautious exercise of its discretion, dismiss a complaint for failure to state a valid claim under Rule 12(b)." *Id.* "We have warned this power must be exercised sparingly and with great care to protect the rights of the parties, and the court should dismiss under Rule 12(b) only when certain it is impossible for the plaintiff to prove a claim for which relief can be granted." *Id.* "[T]he trial court possesses the same inherent authority under N.D.C.C. § 29–32.1–09 to summarily dismiss an application for post-conviction relief when the statutory triggering conditions are met, i.e., there is no genuine issue as to any material fact and the party

in whose favor the dismissal is entered is entitled to judgment as a matter of law." *Id.*

[¶ 6] "A trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568. "The initial burden is on the moving party to show there is no genuine issue of material fact." *Id.* "If the movant initially shows there is no genuine issue of material fact, the burden shifts to the non-movant to demonstrate there is a genuine issue of material fact." *Id.* "For the summary disposition of a petition for post-conviction relief, the moving party bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Id.*

[¶ 7] "A movant may discharge his burden of showing there is no genuine issue of material fact by pointing out to the trial court there is an absence of evidence to support a petitioner's case." *Id.* at ¶ 6. "Once the movant shows the trial court there is no record evidence to support the petitioner's claim and, therefore, there is nothing the State can point to in support of its assertion no such evidence exists, 'the movant has put the petitioner on his proof and a minimal burden has shifted to the petitioner to provide some competent evidence to support his claim.' " *Id.* "The State is permitted to shift the burden in this manner only in those cases in which it would otherwise be required to prove the complete absence of any evidence supporting the nonmovant's claims and allegations in order to meet its initial burden of showing there are no contested issues of material fact." *Id.* "Otherwise, the moving party's initial burden must still be met before the burden can be shifted to the nonmovant to produce evidence prior to the hearing to support his claim." *Id.*

[¶ 8] Here, the State did not file a motion for summary dismissal of Parizek's application for post-conviction relief but only filed an opposition to the application for post-conviction relief which appears to be in the nature of an answer to the application. The State did not move for nor did it ask for summary dismissal of Parizek's application. Rather, the district court summarily dismissed Parizek's application on its own accord. We review its decision in that light.

[¶ 9] In its opposition to the application, the State argued Parizek's application was not supported by proper documentation and Parizek's two citations to the trial transcript were not relevant to the effectiveness of his trial counsel. The State did not contend it was impossible for Parizek to prove a claim for which relief can be granted or that there was an absence of evidence to support Parizek's claims. As in *Vandeberg*, "the State did not argue, as it did in *Weaver* [*v. State*, 2003 ND 47, 658 N.W.2d 352], that nothing in the underlying criminal case supported [Parizek's] claims, nor did the State point out to the trial court how the record contradicted [Parizek's] allegations." *Vandeberg*, 2003 ND 71, ¶ 7, 660 N.W.2d 568. The "State must not merely 'respond' to put a petitioner on its proof; it must show the trial court it is entitled to judgment as a matter of law in its motion for summary disposition." *Id.* Because the State's response to Parizek's application was not sufficient to put Parizek on his proof, the burden did not shift to Parizek to produce competent evidence, prior to the evidentiary hearing, to support his claims.

[¶ 10] Although we have said the district court possesses the authority to summarily dismiss an application for post-conviction relief when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, before the district court can summarily dismiss the application under N.D.C.C. § 29–32.1–09, there must be no dispute as to either the material facts or the inferences to be drawn from undisputed facts. *Berlin,* 2005 ND 110, ¶ 7, 698 N.W.2d 266.

[¶ 11] In *Berlin,* we concluded the petitioner's claims presented a problem for summary dismissal because the district court did not conclude they were facially invalid, but, rather, the district court merely concluded the " '[p]etitioner provides no evidence to support his claims.' " *Id.* at ¶ 9. We held Berlin should have been afforded an evidentiary hearing because "a petitioner need not provide evidence with an application." *Id.* Here, the district court's order denying Parizek's application for post-conviction relief concludes Parizek did "not set forth factual specifics nor provide detail about his accusations and conclusions." The district court also concluded Parizek "offered nothing but hollow conclusions about the prosecutor" and the record did "not establish any prosecutorial misconduct."

[¶ 12] The district court did not conclude Parizek's claims were facially invalid but reviewed the record to determine whether there was evidence supporting Parizek's claims without giving Parizek an opportunity to demonstrate there is a genuine issue of material fact. This is not a case where the court found the allegations facially invalid, thus justifying summary dismissal similar to a judgment on the pleadings. It was error to summarily dismiss Parizek's claims without an evidentiary hearing and we reverse and remand for further proceedings consistent with this opinion.

[¶ 13] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.