2009 ND 117

**Tamara Berg HENKE, Defendant and Appellant**

v.

**STATE of North Dakota, Plaintiff and Appellee.**

**Nos. 20080347, 20080348.**

Supreme Court of North Dakota.

July 9, 2009.

Lee M. Grossman, Assistant State's Attorney, Valley City, N.D., for plaintiff and appellee.

William Kirschner, Fargo, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Tamara Berg Henke appeals from a district court order summarily dismissing her application for post-conviction relief. We hold the district court erred in summarily dismissing the application on its own accord, and we reverse and remand for further proceedings.

I

[¶ 2] Henke was charged with delivery of a controlled substance and hired an attorney to represent her. Trial was scheduled for April 2005. At a pretrial conference held on the day of trial, Henke changed her plea to guilty and was sentenced under a plea agreement.

[¶ 3] On September 25, 2008, Henke applied for post-conviction relief on three

grounds. First, she argued her attorney failed to object to the case being tried in Ramsey County. Second, Henke argued she had been denied the advantages of an earlier plea agreement because her attorney failed to completely review discovery and communicate to her that she should take the plea agreement based on the unlikelihood of success at trial. Henke claimed her attorney's ineffective assistance caused her to receive a significantly greater sentence than she would have received under the original plea agreement. Third, Henke argued her attorney failed to inform her that she could demand a change of judge and, based on her history with the judge assigned to her case, she would have requested to have him removed as the presiding judge. Henke claimed she might have been able to receive a plea agreement with less severe consequences, had she been able to request a different judge. Henke requested that the district court grant her application for post-conviction relief, allow her to withdraw her previously entered guilty pleas, and proceed to trial on the criminal charges.

[¶ 4] In a letter dated September 30, 2008,[1] the district court verified that it had received the application for post-conviction relief and informed Henke that she was mistaken as to the facts underlying the first issue. The court also informed the parties that it was treating the application as one filed under the Uniform Post Conviction Procedure Act and stated:

> The application does not specifically refer to any portions of the record of the prior proceedings pertinent to the alleged grounds for relief showing any constitutional violation. The Court has

reviewed the transcript of the pretrial conference where [Henke] was sentenced on April 14th and I would request that [Henke's attorney] point out, if he can, any specific violations regarding her constitutional rights or ineffective assistance of counsel which may have occurred during that proceeding.

>  . . . .

> I would ask the state to file and serve their response to this motion by submitting their answer pursuant to N.D.C.C. 29–32.1–06. . . . [Henke] can then submit any reply for the Court's consideration. . . . I will be reviewing the matter thereafter pursuant to N.D.C.C. 29–32.1–09 to see if summary disposition is appropriate or if there are genuine issues as to any material fact and whether an evidentiary hearing would be necessary.

[¶ 5] On October 20, 2008, the State replied to Henke's application for post-conviction relief. The State argued it would be substantially prejudiced by allowing Henke to withdraw her guilty plea and providing her a new trial. The State did not deny the factual allegations made in Henke's application.

[¶ 6] In a letter dated November 7, 2008, Henke replied to the State's response, alleging there were insufficient facts in the record regarding her claim of ineffective assistance of counsel. Henke also stated:

> It is the Petitioner's position that the record currently before the Court does not contain sufficient factual information regarding [Henke's] claims regarding the representation provided by [her trial

---

1. This letter was not in the original record on appeal. After oral argument and at the suggestion of this Court, the parties filed a stipulation for correction of the record, requesting that the record on appeal be supplemented to include the district court's September 30, 2008 letter. The clerk of the district court subsequently certified a supplemental record that included the letter.

attorney], and that these failures, if conceded would constitute a sufficient basis to warrant holding a hearing in this matter. Petitioner has indicated to me that there had been a previous plea offer made which was substantially better than the sentence which was agreed to on the day of trial, however she has no records of that, and we would need to have counsel's testimony and records to show that was the case. Nothing in the State's response indicates that this was not the case. It is our position that the Petitioner should be granted a hearing to present the evidence to support her allegations.

Henke closed the letter, stating, "we would request that this matter be set for a hearing where the Petitioner may call the necessary witnesses and present the needed evidence to substantiate her claim."

[¶ 7] On November 13, 2008, the district court issued a memorandum and order, summarily dismissing Henke's application for post-conviction relief. The court stated it had reviewed the entire record and determined there were no genuine issues of material fact. Regarding the ineffective assistance of counsel claim, the court stated:

[Henke's] counsel states the record does not contain sufficient factual information regarding her claims regarding the representation provided by [her trial attorney]. That is correct to the extent [Henke] has failed to point to any specific issue of fact in the record. Rather, the response cites only to generalities that [Henke] has indicated there had been a previous plea offer made that was substantially better than the sentence which was agreed to on the day of trial. However, [Henke] provides no basis for such an assertion.

. . . .

The court finds that the application, pleadings, previous proceedings, and the record before the Court show there is absolutely no genuine issue as to any material fact which could possibly show that the conviction in this case was obtained or the sentence imposed are in violation of the laws.... Accordingly, it is appropriate for this court to enter a summary disposition dismissing this petition.

[¶ 8] Henke appeals, arguing the district court erred in dismissing her application for post-conviction relief on the ground her attorney failed to inform her that she should accept an earlier plea agreement, and on the ground her attorney failed to inform her she could demand a change of judge. She does not appeal the denial of her application for post-conviction relief on the ground her attorney failed to object to the trial location. Henke argues the district court erred in summarily dismissing her application for post-conviction relief because the State did not move for summary disposition, her application states a claim upon which relief could be granted, and she was not required to provide any proof of her allegations when she filed her application.

## II

[¶ 9] We review an appeal from a summary denial of post-conviction relief as we review an appeal from a summary judgment. *Berlin v. State*, 2005 ND 110, ¶ 6, 698 N.W.2d 266. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.* As we explained in *Steinbach v. State*:

Although we have stated claims of ineffective assistance of counsel are ordi-

narily unsuited to summary disposition without an evidentiary hearing, we have upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations.

2003 ND 46, ¶ 15, 658 N.W.2d 355.

[¶ 10]   Section 29–32.1–04(1), N.D.C.C., requires that when applying for post-conviction relief, a petitioner's application "must identify the proceedings in which the applicant was convicted and sentenced, give the date of the judgment and sentence complained of, set forth a concise statement of each ground for relief, and specify the relief requested."   Section 29–32.1–04(1), N.D.C.C., further explains that, "[a]rgument, citations, and discussion of authorities are unnecessary."   Section 29–32.1–04(2), N.D.C.C., provides that "[a]ffidavits or other material supporting the application may be attached, but are unnecessary."

[¶ 11]   Once the petitioner applies for post-conviction relief, the State must respond by answer or motion. N.D.C.C. § 29–32.1–06. Section 29–32.1–09(1), N.D.C.C., provides for the summary disposition of an application for post-conviction relief and states:

The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

Although a petitioner is not required to attach affidavits or evidence to the application for post-conviction relief, the petitioner must support the application with evidence if the State moves for summary disposition.   *State v. Bender*, 1998 ND 72,

¶ 20, 576 N.W.2d 210.   As we explained in *Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419 (citations omitted):

A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof.   At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.   If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence.

[¶ 12]   As we further explained in *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568, a district court may summarily dismiss an application for post-conviction relief if the State has carried its initial burden of showing there is no genuine issue of material fact.   "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts."   *Id.*

[¶ 13]   Section 29–32.1–09, N.D.C.C., provides that one of the parties must move for summary disposition of the application for post-conviction relief.   In *Berlin*, 2005 ND 110, ¶ 7, 698 N.W.2d 266, we explained, "The statute does not expressly allow the court to dismiss on its own motion an application for post-conviction relief."   However, "a trial court may, on its own initiative, and in the cautious exercise of its discretion, dismiss a complaint for failure to state a valid claim under [N.D.R.Civ.P.] 12(b)."   *Id.*   We warned, "this power must be exercised sparingly and with great care to protect the rights of the parties, and the court should dismiss under Rule 12(b) only when certain it is

impossible for the plaintiff to prove a claim for which relief can be granted." *Id.*

[¶ 14] In *Parizek v. State*, 2006 ND 61, ¶ 10, 711 N.W.2d 178, we held "before the district court can summarily dismiss the application under N.D.C.C. § 29–32.1–09, there must be no dispute as to either the material facts or the inferences to be drawn from undisputed facts." We concluded the district court in *Parizek* summarily dismissed the petitioner's application for post-conviction relief on its own accord. *Id.* at ¶ 8. We held *Parizek* was "not a case where the court found the allegations facially invalid, thus justifying summary dismissal similar to a judgment on the pleadings." *Id.* at ¶ 12. Instead, the district court denied the petitioner's application for post-conviction relief because the record did not establish any prosecutorial misconduct, the petitioner had "not set forth factual specifics nor provide[d] detail about his accusations and conclusions," and had "offered nothing but hollow conclusions about the prosecutor." *Id.* at ¶ 11. We concluded the district court erred in summarily dismissing the petitioner's claims without an evidentiary hearing and reversed and remanded for further proceedings. *Id.* at ¶ 12.

[¶ 15] Here, the State did not move for summary dismissal of Henke's application for post-conviction relief. Rather, the district court summarily dismissed her application on its own accord, reasoning Henke had "failed to point to any specific issue of fact in the record," "cite[d] only to generalities that [Henke] has indicated there had been a previous plea offer made that was substantially better than the sentence which was agreed to on the day of trial," and "provide[d] no basis for such assertion." The district court did not dismiss Henke's application because it was impossible for her to prove a claim for which relief could be granted.

*See Berlin,* 2005 ND 110, ¶ 7, 698 N.W.2d 266. In fact, Henke's application for post-conviction relief reveals that relief may have been available to her, in that she requested that the district court allow her to withdraw her previously entered guilty pleas and proceed to trial on the criminal charges. Rather than dismissing the application based on the failure to prove a claim upon which relief could be granted, the district court concluded the record did not support Henke's claims. The court stated it considered whether the "application, pleadings, previous proceedings, and the record" before the district court established genuine issues as to any material fact. The district court cannot put Henke to her proof. Under N.D.C.C. § 29–32.1–09, only a party can move for summary disposition, which can be granted only after it carries its initial burden of showing there is no genuine issue of material fact. Thus, on this record, we conclude it was error for the district court to summarily dismiss Henke's claims without an evidentiary hearing, and we reverse and remand for further proceedings.

[¶ 16] We also express concern with the district court's reliance on Henke's "application, pleadings, previous proceedings, and the record" when considering whether she had established a claim of ineffective assistance of counsel. On claims of ineffective assistance of counsel, the record and transcripts are generally not adequate. *Myers v. State,* 2009 ND 13, ¶ 12, 760 N.W.2d 362. As we explained in *Ude,* 2009 ND 71, ¶ 15, 764 N.W.2d 419, "[a] petitioner may allege ineffective assistance of counsel based on matters occurring outside the court record or transcript, and when appropriate, a district court should consider evidence of ineffective assistance of counsel beyond the record." On remand, the district court should permit Henke to introduce evidence outside

the record to establish her claim of ineffective assistance of counsel. If the district court concludes Henke establishes she received ineffective assistance of counsel, the court must allow her to withdraw her guilty plea and provide her a trial on the criminal charges.

## III

[¶ 17] We conclude it was error for the district court to summarily dismiss Henke's application for post-conviction relief on its own accord, and we reverse and remand for further proceedings consistent with this opinion.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.