Filed 9/15/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND191

Chadley Irvin Overlie, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20110091

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Mark T. Blumer, P.O. Box 7340, Fargo, ND 58106, for petitioner and appellant; submitted on brief.

Dawn M. Deitz, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, ND 58501, for respondent and appellee; submitted on brief.

Overlie v. State

No. 20110091

Kapsner, Justice.

[¶1] Chadley Overlie appeals from a district court order dismissing his application for post-conviction relief.  We conclude the court erred in summarily dismissing Overlie’s application, and we reverse and remand for further proceedings.

I

[¶2] On September 14, 2009, Overlie pled guilty to one count of violation of a domestic violence protection order—second or subsequent offense.  Under a binding plea agreement, the district court sentenced Overlie to one year and suspended all but thirteen days for two years, with supervised probation.  Overlie’s probation was later revoked when he violated the conditions of his probation.  The district court then re-

sentenced Overlie to two years of incarceration.  In June 2010, Overlie moved to reduce his sentence under N.D.R.Crim.P. 35(b), and the district court denied his motion.

[¶3] On March 11, 2011, Overlie filed a pro se application for post-conviction relief, alleging “[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice[.]”  Overlie argued his conviction was “obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.”  Overlie claimed, “The prosecution prevented my wife (the pet[it]ioner for . . . the protection order) to testify on my behalf.”  Overlie also claimed he was denied the effective assistance of counsel, asserting, “My lawyer advised me to take the plea agreement and not call my wife as a witness[.]”  On March 15, 2011, the State filed a response to Overlie’s application, requesting a hearing on the ineffective assistance of counsel issue and asking that the application “be denied as the grounds the Defendant alleges to support his claim for post-

conviction relief are inaccurate.”

[¶4] On March 31, 2011, the court dismissed Overlie’s application without holding an evidentiary hearing.  The court found there was no evidence in the record that Overlie had requested to offer his wife’s testimony; moreover, the court concluded no factual basis existed to suggest such testimony would have been relevant.  The court added that no factual allegation supported Overlie’s ineffective assistance of counsel claim and held that the record “clearly establishes the Defendant’s affirmation of his comprehension of the plea agreement and his request for the Court to accept the same.”

II

[¶5] Overlie argues the district court erred in dismissing his application for post-

conviction relief because there were genuine issues of material fact, and he was not given the opportunity to develop his claims of prosecutorial misconduct and ineffective assistance of counsel at an evidentiary hearing.

A

[¶6] “Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure.”  
Wheeler v. State
, 2008 ND 109, ¶ 5, 750 N.W.2d 446.  This Court reviews an appeal from a summary dismissal of post-

conviction relief as it would review an appeal from summary judgment.  
Berlin v. State
, 2005 ND 110, ¶ 6, 698 N.W.2d 266.  If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the district court may summarily dismiss an application for post-conviction relief.  
Sambursky v. State
, 2006 ND 223, ¶ 7, 723 N.W.2d 524.  “The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-

conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.”  
Berlin
, at ¶ 6.

[¶7] A petitioner is not required to include, with an application for post-conviction relief, supporting evidentiary materials necessary to withstand a potential motion for summary dismissal.  N.D.C.C. § 29-32.1-04; 
State v. Bender
, 1998 ND 72, ¶ 19, 576 N.W.2d 210.  If the State moves for summary dismissal, putting a petitioner to his proof, a minimal burden shifts to the petitioner to support his application with admissible evidence, by affidavit or other comparable means, to raise a genuine issue of material fact.  
Ude v. State
, 2009 ND 71, ¶ 8, 764 N.W.2d 419; 
Steinbach v. State
, 2003 ND 46, ¶ 17, 658 N.W.2d 355.

[¶8] The State argues its response shifted the burden to Overlie to provide evidentiary support for his allegations, which Overlie failed to do.  Although the State submitted a document entitled, “State’s Response to Defendant’s Motion for Post-

Conviction Relief,” the State did not expressly ask the court to summarily dismiss Overlie’s application.  Instead, the State framed its response as a “written argument in opposition of” Overlie’s application and requested a hearing on the ineffective assistance of counsel issue.  The State argued Overlie’s “grounds . . . are inaccurate.”  In support of his prosecutorial misconduct claim, Overlie alleged, “The prosecution prevented my wife  (the pet[it]ioner for . . . the protection order) to testify on my behalf.”  The State responded that Overlie’s wife was not called as a witness because Overlie waived his preliminary hearing and knowingly and voluntarily pled guilty to the charge against him.  Further, the State claimed that if Overlie had gone to trial, his wife “would likely have been called as a witness[.]”  Additionally, the State argued that testimony from Overlie’s wife would have been irrelevant at his revocation hearing.  The State argued Overlie did not support his ineffective assistance of counsel claim with an affidavit or any legal precedent, and he failed to provide an explanation of how he was prejudiced by his counsel’s alleged failures.  In response to Overlie’s allegation that his counsel had advised against calling his wife as a witness, the State argued Overlie failed to show how the witness would have aided his defense.  The State finally claimed it “put[] the Petitioner to his proof as to all of the allegations” and, in the closing paragraph of its response, asked the court to deny Overlie’s application—despite having requested a hearing in its opening paragraph. 

[¶9] In other cases with similar facts, this Court has held the State’s response did not constitute a motion for summary dismissal.  
See generally, e.g.
, 
Parizek v. State
, 2006 ND 61, 711 N.W.2d 178.  In 
Parizek v. State
, the State did not file a motion for summary dismissal but only submitted an opposition to the defendant’s application for post-conviction relief.  
Id.
 at ¶ 8.  Although the State argued the defendant’s application was unsupported by documentation and his citations to the transcript were irrelevant, we said “[t]he State did not contend it was impossible for [the defendant] to prove a claim for which relief can be granted or that there was an absence of evidence to support [the defendant’s] claims.”  
Id.
 at ¶ 9.  Further, the State did not claim “that nothing in the underlying criminal case supported [the defendant’s] claims, nor did the State point out to the trial court how the record contradicted [the defendant’s] allegations.”  
Id.
 (quoting 
Vandeberg v. State
, 2003 ND 71, ¶ 7, 660 N.W.2d 568).  We stated that a mere response by the State is insufficient to put a petitioner to his or her proof; rather, the State must demonstrate to the district court that it is entitled to judgment as a matter of law.  
Parizek
, at ¶ 9.

[¶10] The State’s response here is similar to the State’s response in 
Parizek
.  In this case, the State ultimately claimed that Overlie’s application was not supported by proper documentation, but no such burden rested with Overlie upon submission of his application.  As in 
Parizek
, the State did not assert that it would have been impossible for the defendant to prove his claim.  The State merely claimed Overlie had not proved his allegations, which he was not required to do in his application.  Also, by first requesting a hearing and then, in the same document, asking the court to deny Overlie’s application, the State did not clearly set forth its request for relief.  The State did not establish it was entitled to judgment as a matter of law, and its response was insufficient to constitute a motion for summary dismissal.

B

[¶11] The court’s dismissal of Overlie’s application was therefore on its own initiative.  Section 29-32.1-09, N.D.C.C., which governs summary disposition of post-

conviction relief applications, does not expressly allow a court to dismiss an application on its own accord.  Only a party can move for summary disposition and put an applicant to his proof.  
Henke v. State
, 2009 ND 117, ¶ 15, 767 N.W.2d 881.  District courts have “inherent authority to summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09 when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law.”  
Wong v. State
, 2010 ND 219, ¶ 13, 790 N.W.2d 757.  This Court has recognized “a summary dismissal of a post-conviction application is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted.”  
Berlin
, 2005 ND 110, ¶ 7, 698 N.W.2d 266.  A district court may, “on its own initiative, and in the cautious exercise of its discretion,” summarily dismiss an application for post-conviction relief when there is no genuine issue of any material fact.  
Id.
  “A motion for dismissal under N.D.R.Civ.P. 12(b)(vi) is based on the pleadings, and when matters outside the pleading are considered, the motion must be treated as a motion for summary judgment under N.D.R.Civ.P. 56.”  
Wong
, at ¶ 9.

[¶12] Here, the district court relied on matters outside the pleadings, evidenced by its references to the record throughout its order dismissing Overlie’s application; therefore, the court’s motion for summary dismissal must be treated as a motion for summary judgment.  Under N.D.R.Civ.P. 56(c), a party opposing a summary judgment motion must be given thirty days to file an answer brief and supporting papers.  
See
 
Wong
, 2010 ND 219, ¶¶ 12, 16, 790 N.W.2d 757 (discussing the requirements of N.D.R.Civ.P. 56 and N.D.C.C. § 29-32.1-09(1) in the context of a post-conviction application dismissed on the court’s own initiative and before the court provided the petitioner notice or thirty days to file an answer).  The district court had the authority to summarily dismiss Overlie’s application only if there was no dispute regarding the material facts or the inferences to be drawn from the undisputed facts, and Overlie was entitled to notice and thirty days to file an answer brief and supporting papers to demonstrate the existence of a genuine issue of material fact.

C

[¶13] “The express purpose of the Uniform Post-Conviction Procedure Act, as codified in N.D.C.C. Ch. 29-32.1, is to furnish a method to develop a complete record to challenge a criminal conviction.”  
Bender
, 1998 ND 72, ¶ 20, 576 N.W.2d 210.  We have stated:

Without confinement to the transcript, post-conviction procedures allow development of additional evidence to evaluate claims.  Use of the record from the trial does not preclude a defendant from offering other evidence about facts and occurrences not recorded during the trial.  NDCC 29-32.1-10.  Summary denial of a post-conviction application forecloses that opportunity.  When that happens, the post-

conviction procedure becomes no better than direct review on appeal.

State v. Wilson
, 466 N.W.2d 101, 103 (N.D. 1991).  “This reasoning applies with particular force when . . . the defendant’s allegations of ineffective assistance involve incidents which did not occur in open court and require additional evidence and development of a record for review.”  
Bender
, at ¶ 21.

[¶14] In his application, Overlie alleged ineffective assistance of counsel as one ground for relief; the supporting facts listed also implicate incidents that did not occur in open court and are thus not in the record.  Section 29-32.1-04, N.D.C.C., provides, “The application must . . . set forth a concise statement of each ground for relief, and specify the relief requested.  Argument, citations, and discussion of authorities are unnecessary.”  We have said that “[i]t would be blatantly unfair to subject a defendant’s post-conviction application to summary dismissal for failure to provide evidentiary support not available in the record of prior proceedings, when the statute [N.D.C.C. § 29-32.1-04(1)] explicitly provides such evidentiary support is ‘unnecessary’ in the original application.”  
Bender
, 1998 ND 72, ¶ 20, 576 N.W.2d 210.

[¶15] Overlie claims he “was fully prepared to present any and all evidence in support of his application at an evidentiary hearing.  However, Overlie was not allowed to testify or present testimony, or other evidence, on the issues raised to further develop a record to consider evidence . . . .”  Overlie effectively argues he was not given an opportunity to present evidence to raise a genuine issue of material fact, which would entitle him to an evidentiary hearing.  In its brief, the State does not claim that Overlie was provided an adequate amount of time in which to present evidence but failed to do so.  Instead, the State argues that the record and the facts alleged in Overlie’s application do not support his claims for relief.  The State’s reasoning leads to the “blatantly unfair” result we sought to avoid in 
Bender
.

[¶16] The district court “did not conclude [the defendant’s] claims were facially invalid but reviewed the record to determine whether there was evidence supporting [the defendant’s] claims without giving [him] an opportunity to demonstrate there [was] a genuine issue of material fact.”  
Parizek
, 2006 ND 61, ¶ 12, 711 N.W.2d 178.  The court was not justified in summarily dismissing Overlie’s application.  Overlie was not provided an  opportunity to present evidence before the district court summarily dismissed his application.  We conclude the district court erred by not providing Overlie with notice and thirty days to respond.

III

[¶17] We reverse and remand for further proceedings consistent with this opinion.

[¶18] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.