Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 227

Ernest Coppage, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20110076

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Monty Grant Mertz (argued), Public Defender Office and Jonathan L. Voigt, legal intern (on brief), 912 3rd Avenue South, Fargo, N.D. 58103-1707, for petitioner and appellant.

Lloyd Clayton Suhr (argued), Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501 and Pamela Ann Nesvig (on brief), Assistant State’s Attorney, P.O. Box 5518, Bismarck, N.D. 58506-5518, for respondent and appellee.

Coppage v. State

No. 20110076

Kapsner, Justice.

[¶1] Ernest Coppage appeals from an order dismissing his application for post-

conviction relief.  Coppage argues the district court erred in dismissing his application and he was entitled to an evidentiary hearing because there were genuine issues of material fact about his ineffective assistance of post-conviction counsel claim.  We reverse and remand for an evidentiary hearing.

I

[¶2] In 2006, Coppage was charged with attempted murder.  Before trial, the district court issued preliminary jury instructions to the parties including the essential elements of attempted murder and aggravated assault.  Aggravated assault was characterized in the instructions as a lesser-included offense of attempted murder.  The parties agreed these charges were the proper charges for the jury to consider.  Coppage filed a pre-trial motion in limine to prevent the State from seeking to introduce testimony about prior incidents of domestic violence.  The State did not object and the district court granted the motion.  The jury found Coppage guilty of both attempted murder and aggravated assault.  

[¶3] Coppage appealed his conviction, arguing there was not sufficient evidence to support his attempted murder conviction and the verdict form was logically and legally inconsistent because proof of attempted murder negates a necessary element of aggravated assault.  
See
 
State v. Coppage
, 2008 ND 134, ¶¶ 21, 24, 751 N.W.2d 254. We affirmed Coppage’s conviction and held the jury’s verdict was not legally inconsistent and there was sufficient evidence to support his conviction.  
Id.
 at ¶ 28.  Coppage was represented by Kent Morrow at trial and on appeal. 

[¶4] In 2009, Coppage filed an application for post-conviction relief, arguing his trial attorney was ineffective, the jury selection was biased, and the crime scene was tainted.  Coppage was represented by Susan Schmidt at the hearing on his application.  After a hearing, the district court denied Coppage’s application.  Coppage did not appeal the court’s decision.

[¶5] In October 2010, Coppage filed a second application for post-conviction relief.  Coppage claimed he was subjected to double jeopardy when he was convicted of both attempted murder and aggravated assault and he was denied due process because the State improperly introduced evidence of prior crimes as impeachment evidence, the State engaged in prosecutorial misconduct, and the district court erred in failing to return the jury for further deliberations after they returned a verdict finding him guilty of both attempted murder and aggravated assault.  Coppage requested the court appoint an attorney to represent him and the court granted his request.  

[¶6] The State moved to dismiss the application, arguing Coppage’s claims should be summarily dismissed because they are barred by res judicata and misuse of process.  Coppage responded to the State’s motion and filed a memorandum in support of his argument, contending his claims are not barred by misuse of process because he relied on his appointed counsel and his counsel was not vigilant and failed to raise these claims and the State has the burden of proving he knew about the issues but did not raise them in a prior proceeding.  Coppage later filed an affidavit in support of his application for post-conviction relief.  In the affidavit, Coppage claimed he received ineffective assistance of trial, appellate, and post-conviction counsel.  The district court dismissed Coppage’s application, ruling his claims are barred by res judicata and misuse of process.

II

[¶7] Coppage argues the district court erred in summarily dismissing his application because there were genuine issues of material fact about his evidentiary, prosecutorial misconduct, and ineffective assistance of counsel claims. 

[¶8] Under N.D.C.C. § 29-32.1-09, a party may move for summary disposition in post-conviction proceedings if the application, pleadings, previous proceedings, discovery, or other matters on the record show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Generally, this Court reviews an appeal from a summary denial of an application for post-conviction relief as we review an appeal from summary judgment.  
Henke v. State
, 2009 ND 117, ¶ 9, 767 N.W.2d 881.  The party opposing the motion is “‘entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.’”  
Id.
 (quoting 
Berlin v. State
, 2005 ND 110, ¶ 6, 698 N.W.2d 266).  

[¶9] If the State moves for summary dismissal and puts the applicant to his proof, a minimal burden shifts to the petitioner and he must support his application with evidence that raises a genuine issue of material fact:

A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof.  At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.  If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence.

Henke
, 2009 ND 117, ¶ 11, 767 N.W.2d 881 (quoting 
Ude v. State
, 2009 ND 71, ¶ 8, 764 N.W.2d 419).  The district court may summarily dismiss the application if the State shows there are no genuine issues of material fact.  
Henke
, at ¶ 12. 

[¶10] In this case, the State argued the application should be summarily dismissed because Coppage’s claims were barred by res judicata and misuse of process.  
An application for post-conviction relief may be denied on the grounds of res judicata if the claim or a variation of the claim has been fully and finally determined in a prior proceeding.  N.D.C.C. § 29-32.1-12(1).  The applicability of res judicata is a question of law, which is fully reviewable on appeal.  
Klose v. State
, 2008 ND 143, ¶ 10, 752 N.W.2d 192.  A court may deny relief on the grounds of misuse of process if the applicant raises an issue which the applicant inexcusably failed to raise in a proceeding leading to the judgment of conviction, inexcusably failed to pursue on appeal having raised the issue in the trial court, or inexcusably failed to raise in a prior post-conviction proceeding.  N.D.C.C. § 29-32.1-12(2); 
Murchison v. State
, 2003 ND 38, ¶ 10, 658 N.W.2d 320. 

[¶11] Coppage’s evidentiary and prosecutorial misconduct claims could have been raised in prior proceedings.  However, Coppage argued the claims were not previously raised because his prior post-conviction counsel was ineffective.  Claims of ineffective assistance of post-conviction counsel may be raised in successive post-

conviction proceedings and may be an excuse for an applicant’s failure to raise an issue in a prior proceeding.  
See
 
Klose
, 2008 ND 143, ¶¶ 12-13, 752 N.W.2d 192; 
see also
 
Jones v. State
, 545 N.W.2d 313, 314 (Iowa 1996) (ineffective assistance of post-

conviction counsel can provide “sufficient reason” for a successive post-conviction application raising new issues)
.  Whether counsel is ineffective is a mixed question of fact and law, and is fully reviewable on appeal.  
Klose
, at ¶ 13.

[¶12] The State argues Coppage’s claim of ineffective assistance of post-conviction counsel was not properly raised in his application for post-conviction relief and it should not be addressed on appeal.  In Coppage’s response to the State’s motion to dismiss and its argument that some of Coppage’s claims were barred by misuse of process, Coppage argued “[he] relied on the care and vigilance of counsel.  Appointed counsel was not vigilant enough to find the current grounds for relief, this does not constitute misuse of process.”  Coppage filed a separate memorandum of law on the res judicata and misuse of process issues, and he argued ineffective assistance of counsel is a defense to a charge of misuse of process.  Before the hearing on the State’s motion, Coppage filed an affidavit to supplement his filings supporting his petition for post-conviction relief and to set out his factual assertions.  In the affidavit, Coppage states:

I have received ineffective assistance of counsel by both of the attorneys appointed to represent me previously in this matter, namely Kent Morrow and Susan Schmidt.  Mr. Morrow’s performance fell below acceptable standards both during the trial stage and the appeal of my case.  Ms. Schmidt’s performance fell below acceptable standards as to my first petition for post conviction relief, because she failed to develop an evidentiary record to support my claims, resulting directly in the State’s claims that my second petition is barred by both res judicata and abuse of process.

Coppage also made specific allegations about how his trial counsel’s performance was ineffective.  The affidavit outlines the evidence that Coppage’s first post-

conviction counsel failed to develop in the record and supports his argument that his failure to raise his current claims in previous proceedings is excused because his counsel was ineffective.  Coppage’s argument about ineffective assistance of counsel was properly raised before the district court.

[¶13] The State also argues that if the issue of ineffective assistance of counsel was properly raised it is barred by res judicata because Coppage argued he received ineffective assistance of counsel during his trial and appeal in his first application for post-conviction relief.  A claim in an application for post-conviction relief may be denied on the grounds of res judicata if the claim or a variation of the claim has been fully and finally decided in a prior proceeding.  N.D.C.C. § 29-32.1-12(1).  Coppage claimed his trial and appellate counsel was ineffective in his first application for post-

conviction relief.  However, Coppage argues his post-conviction counsel was ineffective for failing to argue his trial and appellate counsel was ineffective for failing to raise these issues.  Res judicata does not bar Coppage’s ineffective assistance claim.

[¶14] Coppage was entitled to all reasonable inferences at the preliminary stages of his post-conviction proceeding and he was entitled to an evidentiary hearing if the evidence he presented raised a genuine issue of material fact.  
See
 
Henke
, 2009 ND 117, ¶ 9, 767 N.W.2d 881.  “‘A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.’” 
Id.
 at ¶ 12 (quoting 
Vandeberg v. State
, 2003 ND 71, ¶ 5, 660 N.W.2d 568).  Generally, summary disposition is not appropriate when there are claims of ineffective assistance of counsel.  
Wong v. State
, 2010 ND 219, ¶ 15, 790 N.W.2d 757.  In most cases claims of ineffective assistance of counsel are based on matters occurring outside the court record or transcript, and therefore the record and transcripts are not adequate to decide the claims and an evidentiary hearing may be required to consider other evidence beyond the record.  
Id.
  

[¶15] We have said ineffective assistance of post-conviction counsel claims are governed by the standard set forth in 
Strickland v. Washington
, 466 U.S. 668 (1984).  
Johnson v. State
, 2004 ND 130, ¶ 17, 681 N.W.2d 769.  To succeed on a claim of ineffective assistance of counsel, the applicant must show his counsel’s performance fell below an objective standard of reasonableness and his counsel’s deficient performance prejudiced him.  
Id.
  “To avoid summary dismissal of an ineffective assistance of counsel claim, the post-conviction applicant must present some evidence that his counsel’s performance fell below an objective standard of reasonableness, and he must overcome the presumption that his counsel’s performance was within the broad range of reasonableness.”  
Klose
, 2008 ND 143, ¶ 13, 752 N.W.2d 192.  “‘To demonstrate prejudice, the [applicant] must establish a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different, and the defendant must specify how and where counsel was incompetent and the probable different result.’”  
Id.
 (quoting 
Steen v. State
, 2007 ND 123, ¶ 19, 736 N.W.2d 457).

[¶16] Coppage argues his first post-conviction counsel was ineffective for failing to argue his trial and appellate counsel was ineffective because he did not object to the prosecutor’s improper questions about Coppage’s prior assault conviction, he failed to question Coppage to show his testimony was truthful and the prior conviction was not proper impeachment evidence, he failed to ask for a limiting instruction directing the jury to only consider the evidence about Coppage’s prior conviction for impeachment purposes, and he failed to raise these issues on appeal.  Coppage contends the evidence of his prior conviction was highly prejudicial, the result of his trial would have been different if his attorney had not made these errors, the result of his first post-conviction proceeding would have been different if post-conviction counsel had raised these issues, and misuse of process would not apply.  To avoid summary dismissal of his claims, Coppage must present some evidence to show that his post-conviction counsel’s performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him, which would excuse his failure to raise his evidentiary and prosecutorial misconduct claims in a prior proceeding.  
See
 
Sambursky v. State
, 2006 ND 223, ¶ 13, 723 N.W.2d 524. 

[¶17] Rule 609(a)(1), N.D.R.Ev., governs when evidence of a prior conviction may be used to attack a witness’s credibility:

[E]vidence that a witness other than an accused has been convicted of a crime must be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime must be admitted if the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the accused . . . .

Rule 609(a)(1), N.D.R.Ev., includes “a special balancing test that ‘only applies to a criminal defendant because a criminal defendant faces the unique risk that juries will use prior convictions as evidence of the defendant’s propensity to commit crime, rather than considering the convictions for impeachment purposes.’”  
State v. Stewart
, 2002 ND 102, ¶ 7, 646 N.W.2d 712.  We have said prior convictions similar to the charged crime should be admitted sparingly because there is a heightened danger the jury will use the evidence as evidence of the defendant’s propensity to commit the crime.  
Id.
 at ¶ 8.      

[¶18] In Coppage’s affidavit, he claimed his post-conviction counsel was ineffective because she failed to develop an evidentiary record on the issues he raised in his current application for post-conviction relief, which resulted in the State’s claim that the issues are barred by res judicata and misuse of process.  He claimed his post-

conviction counsel should have developed a record about his trial counsel’s ineffective assistance in failing to object when the State questioned him about prior crimes or wrongs during the trial.  He claimed the district court had ruled before trial that any evidence of prior acts of domestic violence would not be admitted but the State questioned him about these acts knowing the court already ruled on the issue and his trial counsel failed to object to the State’s questions.  Coppage claimed his post-conviction counsel should have developed a record about whether the prosecutor’s questioning constituted prosecutorial misconduct.  Coppage claimed his trial counsel’s performance fell below acceptable standards when he failed to raise the issue about the prior crimes or acts questioning and prosecutorial misconduct on appeal.

[¶19] Coppage presented evidence that his failure to raise the evidentiary and prosecutorial misconduct issues in prior proceedings was excusable because his post-

conviction counsel was ineffective, which raises a genuine issue of material fact.  We conclude the court erred in summarily dismissing Coppage’s evidentiary, prosecutorial misconduct, and ineffective assistance of post-conviction counsel claims without holding an evidentiary hearing.  

III

[¶20] Although the State contends the district court properly dismissed Coppage’s claims that the court failed to return the jury for further deliberation and that he was subjected to double jeopardy, Coppage did not argue the court erred in dismissing these claims, and therefore we will not address those issues on appeal.  We conclude Coppage’s ineffective assistance of post-conviction counsel claim raises a genuine issue of material fact about why his evidentiary and prosecutorial misconduct claims were not raised in previous proceedings.  We reverse and remand for an evidentiary hearing.

[¶21] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

I concur in the result.

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring specially.

[¶22] I am concerned that step-by-step we may have gone off course, and we seem to be headed toward unending post-conviction appeals, each contending all previous counsel were ineffective.  That serves neither penological nor jurisprudential goals.  Courts are appropriately reluctant to make significant course corrections without adequate briefing.  This writing invites such briefing in future cases.

I

[¶23] This Court’s cases, of course, reflect where we are and how we arrived here.  There is an extensive annotation reflecting what other courts have done in this area.  Gregory G. Sarno, J.D., Annotation, 
Adequacy of Defense Counsel’s Representation of Criminal Client Regarding Appellate and Post-conviction Remedies
, 15 A.L.R.4th 582 (1982 & Supp. 2011).

[¶24] Generally, ineffective assistance of counsel claims are governed by the standard set forth in 
Strickland v. Washington
, 466 U.S. 668, 688 (1984), which interpreted the requirements of the Sixth Amendment to the United States Constitution.  Under the Supremacy Clause, the U.S. Supreme Court’s interpretation is final.

[¶25] The U.S. Supreme Court, in 
Coleman v. Thompson
, 501 U.S. 722, 752 (1991), held:

There is no constitutional right to an attorney in state post-conviction proceedings.  
Pennsylvania v. Finley
, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); 
Murray v. Giarratano
, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (applying the rule to capital cases).  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.  
See
 
Wainwright v. Torna
, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).

[¶26] Following the Supreme Court decisions, the federal habeas corpus statute, 28 U.S.C.A. § 2254(I), now provides:

The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

In regard to claims of ineffective assistance of appellate counsel, the U.S. Supreme Court has upheld the appellate advocate’s prerogative to decide strategy and tactics by selecting what he or she thinks are the most promising arguments out of all possible contentions.  The Court noted:  “Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.”  
Jones v. Barnes
, 463 U.S. 745, 751-52 (1983).  Indeed, including weaker arguments might lessen the impact of the stronger ones.  
Id.
 at 752.  Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every “colorable” issue.  
Id.
 at 754.  Such rules would disserve the goal of vigorous and effective advocacy.  
Id.

II

[¶27] In future cases, briefing is invited on whether post-conviction relief may be sought on the basis of ineffective assistance of prior post-conviction-relief counsel.  Additionally, briefing is invited on the appropriate proof the applicant for post-

conviction relief must submit to avoid summary dismissal of claimed ineffective assistance of counsel at the trial level, the appellate level, and—if permitted at all—the post-conviction-relief level, and to prevail on the merits.

[¶28] Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

Mary Muehlen Maring

Daniel J. Crothers