2014 ND 125

**Rodney CHISHOLM, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130406.**

Supreme Court of North Dakota.

June 24, 2014.

Nicholas D. Thornton (argued), Fargo, N.D. and Erin M. Conroy (on brief), Bottineau, N.D., for petitioner and appellant.

M. Jason McCarthy, Assistant State's Attorney, and Jared J. Wall (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Rodney Chisholm appealed from a district court order dismissing his application for post-conviction relief. Chisholm argues the court erred in summarily dismissing his application on its own motion without providing him with notice or an opportunity to be heard. He also claims the court erred in failing to rule on every issue raised in his application. We reverse and remand, concluding the court erred in summarily dismissing the application.

I

[¶ 2] In 2011, a jury found Chisholm guilty of murder. Chisholm appealed, and his conviction was affirmed. *State v. Chisholm,* 2012 ND 147, 818 N.W.2d 707.

[¶ 3] On August 26, 2013, Chisholm filed his own application for post-conviction relief. Chisholm claimed he received ineffective assistance of trial and appellate counsel because his attorney failed to present evidence about the victim's recent prior bad acts, his attorney had a drug addiction problem which affected his representation during the trial and the appeal, his attorney failed to challenge the admission of his confession, his attorney failed to adequately challenge the search of his property, and his attorney failed to object to instances of prosecutorial misconduct.

[¶ 4] On September 10, 2013, Chisholm, through an attorney, filed a brief in support of the application. The brief stated:

Mr. Chisholm now raises two main arguments in support of his claim of ineffective assistance of counsel in his application for post-conviction relief:

1) Trial counsel failed to object to the introduction of Mr. Chisholm's confession, despite the fact that it was obtained in violation of his *Miranda* rights, specifically the right to cut off questioning; and

2) Appellate counsel (Mr. Light, also the trial counsel) only raised the one evidentiary issue of the old firearms incident, neither noticing nor presenting for review the *Miranda* issue.

Chisholm argued his trial counsel's representation fell below the objective standard of reasonableness because the attorney failed to move to suppress his confession, which he alleged was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and he was prejudiced by his counsel's deficient performance.

[¶ 5] On September 25, 2013, the State filed a brief responding to the issues raised in Chisholm's brief. The State did not request summary dismissal.

[¶ 6] On December 2, 2013, the district court entered an order summarily dismissing Chisholm's application. The court ruled the attorney's conduct did not fall below the objective standard of reasonable representation by failing to seek suppression of the confession because Chisholm did not clearly and unequivocally assert his right to end questioning before he confessed and any attempt to seek suppression of the confession would have been unsuccessful. The court also ruled Chisholm's claim that his appellate attorney was ineffective for failing to raise any issues related to the alleged *Miranda* violations failed for the same reason. The court concluded there were no genuine issues of material fact and Chisholm's assertions in his application were frivolous and wholly without merit when given the benefit of all favorable inferences reasonably made from the record.

II

[¶ 7] Chisholm argues the court erred in summarily dismissing his application on its own motion.

■ [¶ 8] An applicant has the burden of establishing grounds for post-conviction relief. *Osier v. State*, 2014 ND 41, ¶ 10, 843 N.W.2d 277. Section 29–32.1–09, N.D.C.C., governs summary disposition in post-conviction relief proceedings, and provides:

1. The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state. The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.

2. The court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel. An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter.

3. The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party

is entitled to a judgment as a matter of law.

4. If an evidentiary hearing is necessary, the court may determine which issues of material fact are in controversy and appropriately restrict the hearing.

The statute was amended in 2013, adding the provisions in subsections (1) and (2) to the provisions in subsections (3) and (4), which were included in the prior version of the statute. 2013 N.D. Sess. Laws ch. 248, § 2. The current version of the statute became effective on August 1, 2013. Because Chisholm applied for post-conviction relief on August 26, 2013, the current version of the statute applies.

[¶ 9] Words in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. *In re M.H.P.*, 2013 ND 61, ¶ 18, 830 N.W.2d 216. "We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted." *State v. Meador*, 2010 ND 139, ¶ 11, 785 N.W.2d 886 (quoting *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267).

[¶ 10] Before N.D.C.C. § 29–32.1–09 was amended, this Court held the statute did not expressly allow a court to dismiss an application on its own accord. *See Overlie v. State*, 2011 ND 191, ¶ 11, 804 N.W.2d 50. The statute expressly authorized the court to grant either party's motion for summary disposition if the application, pleadings, previous proceedings, discovery, or other matters in the record showed there was no genuine issue of material fact and the moving party was entitled to judgment as a matter of law. *See*

*Parizek v. State*, 2006 ND 61, ¶ 4, 711 N.W.2d 178. The statute still includes this provision, N.D.C.C. § 29–32.1–09(3), and the language was not amended in 2013. *See* 2013 N.D. Sess. Laws ch. 248, § 2. In summarily dismissing an application under this provision, we have said:

A court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29–32.1–09, which is analogous to summary judgment, if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Berlin [v. State]*, 2005 ND 110, ¶ 6, 698 N.W.2d 266. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Id.* A party responding to a motion for summary judgment must be given 30 days to file an answer brief and supporting papers in opposition to the request for summary disposition. N.D.R.Civ.P. 56(c).

*Wong v. State*, 2010 ND 219, ¶ 12, 790 N.W.2d 757 (quotations omitted); *see also State v. Bender*, 1998 ND 72, ¶ 18, 576 N.W.2d 210 (the procedure to summarily dispose of an application under this provision is "akin to" summary judgment). We held a court may not dismiss an application under this provision unless there is no dispute as to the material facts or the inferences to be drawn from the undisputed facts. *Wong*, at ¶ 13. We further held the applicant must be given notice and an opportunity to respond and submit evidence to demonstrate there is a genuine issue of material fact before the court may dismiss the application. *Id.* at ¶¶ 13–14; *see also Overlie*, at ¶ 12.

[¶ 11] We also recognized the court has inherent authority to dismiss an applica-

tion, on its own motion, for failure to state a valid claim. *See, e.g., Wong,* 2010 ND 219, ¶ 8, 790 N.W.2d 757. We said summary dismissal of a post-conviction application is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted and a court may dismiss a complaint for failure to state a valid claim on its own initiative. *Wong,* at ¶ 8; *Berlin,* 2005 ND 110, ¶ 7, 698 N.W.2d 266. We recognized that the court's power to dismiss a claim on its own motion for the failure to state a valid claim is derived from the court's inherent authority to dismiss a meritless claim. *Berlin,* at ¶ 7. We held the court has authority to dismiss an application if it would be impossible for the applicant to prove a claim for which relief could be granted relying only on the face of the claims made in the application. *Wong,* at ¶ 9.

[¶ 12] When the court considered matters outside the pleading in summarily dismissing an application on its own motion, we have treated the court's summary dismissal as a summary judgment and held the procedural requirements apply. *Overlie,* 2011 ND 191, ¶ 12, 804 N.W.2d 50. We have held the court's decision was reversible error when the applicant was not provided with notice and an opportunity to present evidence supporting his claims. *See, e.g., Overlie,* at ¶ 16; *Wong,* 2010 ND 219, ¶ 16, 790 N.W.2d 757; *Parizek,* 2006 ND 61, ¶ 12, 711 N.W.2d 178; *Berlin,* 2005 ND 110, ¶¶ 9–10, 698 N.W.2d 266.

[¶ 13] The State claims the amended statute expanded the district court's authority. The State contends N.D.C.C. § 29–32.1–09(1) allows the court to consider the entire record to determine whether the issues raised in the application are meritless and the applicant is no longer entitled to notice and an opportunity to submit evidence supporting the application before the application is dismissed.

[¶ 14] The amendments to N.D.C.C. § 29–32.1–09 changed the law, and the statute now expressly authorizes a court to dismiss an application on its own motion for various reasons, including when the claims in the application are meritless. However, we do not agree that the statute waives the previous requirement that an applicant be given notice and an opportunity to submit evidence before the court considers evidence outside the pleading to determine a claim is meritless. An applicant is not required to include argument or discussion of authorities in his application or to attach supporting materials. N.D.C.C. § 29–32.1–04. The plain language of N.D.C.C. § 29–32.1–09(1) authorizes a court to dismiss an application for post-conviction relief before the State responds and before the applicant presents any evidence supporting his claims if the claims are meritless. The plain language of the statute indicates the court may decide the claims are meritless and dismiss the application relying solely on the facial validity of the claims made in the application. The legislative history also supports this interpretation. *See Hearing on S.B. 2227 Before Senate Judiciary Comm.,* 63rd N.D. Legis. Sess. (Feb. 5, 2013) (testimony of Justice Dale Sandstrom, Supreme Court Justice) ("A court could also summarily dismiss post-conviction relief proceedings where the statute of limitations has run, and when from the face of the post-conviction relief filing—even if what is alleged is true—it wouldn't be a basis to grant post-conviction relief.").

[¶ 15] We have held the purpose of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29–32.1, is to "furnish a method to develop a complete record to challenge a criminal conviction." *Overlie,* 2011 ND 191, ¶ 13, 804 N.W.2d 50 (quoting

*Bender,* 1998 ND 72, ¶ 20, 576 N.W.2d 210). We have said:

> Without confinement to the transcript, post-conviction procedures allow development of additional evidence to evaluate claims. Use of the record from the trial does not preclude a defendant from offering other evidence about facts and occurrences not recorded during the trial. [N.D.C.C. §] 29–32.1–10. Summary denial of a post-conviction application forecloses that opportunity. When that happens, the post-conviction procedure becomes no better than direct review on appeal.

*Overlie,* at ¶ 13 (quoting *State v. Wilson,* 466 N.W.2d 101, 103 (N.D.1991)). The State's interpretation of N.D.C.C. § 29–32.1–09(1) would allow the court to dismiss an application on its own motion based on a determination that the claims are meritless because there is no evidence supporting the claims without giving the applicant an opportunity to present any supporting materials. The State's interpretation is not consistent with the purpose of the act.

[¶ 16] Furthermore, the remaining provisions of N.D.C.C. § 29–32.1–09 support an interpretation that only authorizes the court to dismiss an application that is meritless on its face. The second sentence of subsection (1) authorizes the court to summarily deny a second or successive application for similar relief on behalf of the same applicant or to summarily deny an application when the issues raised have previously been decided by the appellate court in the same case. N.D.C.C. § 29–32.1–09(1). Subsection (2) provides that the court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of post-conviction counsel. N.D.C.C. § 29–32.1–09(2). The court may dismiss an application under these provisions, on its own motion, based on the face of the claims made in the application. We

conclude N.D.C.C. § 29–32.1–09(1) authorizes the court to dismiss a meritless application considering only the information in the application.

[¶ 17] In this case, the district court gave Chisholm the benefit of all favorable inferences reasonably made from all matters made part of the record to determine his claims in his application were frivolous. The court determined Chisholm could not prove his ineffective assistance claims after it considered evidence from the criminal proceedings relating to Chisholm's statements to police. Because the court relied on information outside the application in determining the application was frivolous and wholly without merit, N.D.C.C. § 29–32.1–09(1) does not apply. The statutory amendments did not change the law that applies when a court dismisses an application after considering matters outside the application to determine whether there was evidence to support the applicant's claims. Therefore, the court's summary dismissal in this case will be treated as a summary judgment.

[¶ 18] The court may summarily dismiss Chisholm's application if there is no dispute about the material facts or the inferences to be drawn from the undisputed facts. *Overlie,* 2011 ND 191, ¶ 12, 804 N.W.2d 50. However, Chisholm was entitled to notice that his application may be summarily dismissed and an opportunity to file an answer brief with supporting materials to demonstrate the existence of a genuine issue of material fact. *Id.*

[¶ 19] The State does not argue Chisholm was provided with notice and an opportunity to present evidence. Because Chisholm was not provided with notice and an opportunity to present evidence raising a genuine issue of material fact before his application was summarily dismissed, we conclude the court erred in summarily dismissing the application.

### III

[¶ 20]   Chisholm argues the court erred in denying his application without addressing all of the issues raised.  He contends he raised five issues in his application and strenuously argued two of the issues in his brief, but he did not abandon any of the issues raised in the application.

[¶ 21]   An application for post-conviction relief "must identify the proceedings in which the applicant was convicted and sentenced, give the date of the judgment and sentence complained of, set forth a concise statement of each ground for relief, and specify the relief requested." N.D.C.C. § 29–32.1–04(1).  Argument, citation, and discussion of authorities are not required in the application.  *Id.*  Once an applicant files an application for post-conviction relief, the State must respond by answer or motion.  N.D.C.C. § 29–32.1–06.

[¶ 22]   Although Chisholm was not required to include argument, citation, and discussion of authorities in the application, he filed a brief in support of his application before the State responded, providing argument and discussion of authorities for two issues related to his ineffective assistance of counsel claim.  The State responded to the issues raised in Chisholm's brief and stated, "[Chisholm] appears to have abandoned the arguments raised in his application for post-conviction relief that are unrelated to an alleged *Miranda* violation."  Chisholm did not respond to the State's brief or file any other documents in support of the other issues raised in the application.  The court did not decide the issues raised in the application but not briefed.  Nevertheless, because we conclude the court erred in summarily dismissing the application, all of the issues raised in the application may be considered on remand.

### IV

[¶ 23]   We reverse the order dismissing the application for post-conviction relief and remand for further proceedings.

[¶ 24]   CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.