Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 24

Jonathan Horvath, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20170329

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Steven J. Fischer, Bismarck, ND, for petitioner and appellant.

Nathan K. Madden, Assistant State’s Attorney, Williston, ND, for respondent and appellee.

Horvath v. State

No. 20170329

McEvers, Justice.

[¶1] Jonathan Horvath appeals from a district court order summarily dismissing his application for post-conviction relief.  We reverse and remand for the court to hold an evidentiary hearing on his application.

I

[¶2] In July 2014, the district court held a jury trial in which Jonathan Horvath appeared as the defendant for crimes arising out of an incident in March 2013.  A jury convicted Horvath of murder, reckless endangerment, two counts of terrorizing, and a felon in possession of a firearm.  Horvath is currently serving life imprisonment without the possibility of parole.

[¶3] Horvath appealed arguing insufficient evidence existed for a rational jury to find him guilty.  Horvath filed a supplemental statement alleging perjury, improper closing statements, among other matters.  This Court summarily affirmed the criminal judgments.  
See State v. Horvath
, 2015 ND 166, 870 N.W.2d 26.  Horvath filed an application for post-conviction relief in June 2016, and requested a hearing in November 2016.  In December 2016, the State filed a response and moved the district court to dismiss the application.  In March 2017, Horvath moved the court to amend his application, the State objected.  The court granted the request and reserved ruling on the State’s motion to dismiss until the amended application was filed.

[¶4] In April 2017, Horvath filed an amended application for post-conviction relief and requested an evidentiary hearing.  Horvath’s amended application alleged he was denied effective assistance of counsel because his trial counsel: (1) failed to subpoena an essential witness, Kevin Kallio, to rebut two of the State’s witnesses; and (2) trial counsel failed to present exculpatory video evidence, when exhibit 24 was not shown in full.  The State again moved the court to dismiss the action and gave notice it was putting Horvath on his proof.  Horvath responded indicating his trial counsel was ineffective because he failed to introduce video evidence that would impeach the credibility of a key State witness, and the omission was prejudicial to his defense. Horvath’s reply included references to specific evidence and references to the trial transcript.  Horvath further argued claims of ineffective assistance of counsel are unsuited for summary disposition without an evidentiary hearing.  The court summarily dismissed Horvath’s application for post-conviction relief without holding an evidentiary hearing.

II

[¶5] Horvath argues the district court erred by summarily dismissing his application for post-conviction relief claiming ineffective assistance of counsel.

[¶6] This Court has held “the purpose of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, is to furnish a method to develop a complete record to challenge a criminal conviction.”  
Chisholm v. State
, 2014 ND 125, ¶ 15, 848 N.W.2d 703
 
(internal quotation omitted).  Summary disposition in a post-conviction relief proceeding is akin to summary judgment under N.D.R.Civ.P. 56 when matters outside the pleadings are considered.  
Chase v. State
, 2017 ND 192, ¶ 7, 899 N.W.2d 280.  “An applicant has the burden of establishing grounds for post-conviction relief.” 
Chisholm
, at ¶ 8.

[¶7] The requirements for an application for post-conviction relief under N.D.C.C. § 29-32.1-04(2), provides:

The application must identify all proceedings for direct review of the judgment of conviction or sentence and all previous postconviction proceedings taken by the applicant to secure relief from the conviction or sentence, the grounds asserted therein, and the orders or judgments entered.  The application 
must refer to the portions of the record of prior proceedings pertinent to the alleged grounds for relief
. If the cited record is not in the files of the court, the applicant shall attach that record or portions thereof to the application or state why it is not attached.  Affidavits or other material supporting the application may be attached, but are unnecessary.

(Emphasis added.)  Here, Horvath referred to trial exhibit 24, a surveillance video, in his verified petition.  Exhibit 24 is in the record in the underlying criminal proceeding. Horvath’s petition indicated his trial counsel failed to object when the video was shut off before it showed exculpatory evidence.  Horvath did not explain how the video evidence was exculpatory.

[¶8] The State moved for summary dismissal.

The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

N.D.C.C. § 29-32.1-09(3).  The State argued no genuine issue of material fact existed and informed Horvath the State was putting him to his proof to provide competent evidence in support of his allegations and demonstrate there is a genuine issue of material fact.  To put a petitioner to its proof, the State must show it is entitled to judgment as a matter of law.  
Vandeberg v. State
, 2003 ND 71, ¶ 7, 660 N.W.2d 568. This is accomplished when the State shows, based on reasonable inferences drawn from undisputed facts, that reasonable minds could reach but one conclusion regarding the allegations.  
Id.

This Court has stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing.  However, this Court has “upheld summary denials of post-

conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations.”  “Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim.”  “If competent evidence is provided, the defendant is entitled to an evidentiary hearing.”

Atkins v. State
, 2017 ND 290, ¶ 6 (citation omitted).

[¶9] Horvath responded to the State’s motion, conceding portions of his allegations failed.  However, in his response, Horvath referred to the video, contending the portion which was not shown to the jury, depicts a third individual in the backseat of the vehicle where terrorizing is alleged to have occurred.  Horvath argued the State emphasized the absence of this person from the vehicle to impeach Horvath’s testimony.  Furthermore, Horvath indicated the excluded portions of the video would contradict testimony of Brittney Montee, the alleged victim of one of the terrorizing charges.  Horvath pointed to the cross-examination of Montee and provided a specific page in the trial transcript, where Montee testified on cross-examination that no one else was in the vehicle other than Horvath and herself. Horvath argued his counsel’s performance at trial was defective for failing to introduce evidence impeaching a key witness.  He claimed he was prejudiced because Montee was a critical witness.

[¶10] In summarily dismissing Horvath’s application for post-conviction relief the district court concluded “[o]nce the State made its motion for summary disposition, Horvath was required to come forward with some minimal evidence which would allow his petition to go forward.”  The court further indicated “Horvath cannot simply rely upon his pleadings, mere allegations, or denials.  He has failed to demonstrate any genuine issue of material fact in this matter.  There is overwhelming evidence presented by the State to summarily dismiss the Petition.”  In its order, the district court considered evidence outside the pleadings, so we treat the dismissal as a summary judgment.  The court’s order appears to be weighing the evidence, which is problematic, when Horvath was entitled to all reasonable inferences at this stage of the proceeding.  In addition, the district court did not indicate what the “overwhelming evidence” it relied on was, so we are unable to review its rationale.

[¶11] What the exhibit 24 video depicts is a disputed fact.  If the video shows what Horvath alleges, it could have been used to rebut or impeach Montee’s testimony and perhaps bolster Horvath’s own testimony.  The specific references to the transcript and the video are both competent admissible evidence.

[¶12] We conclude Horvath has raised reasonable inferences creating a genuine issue of material fact regarding his counsel’s trial performance with respect to the use of exhibit 24.  We therefore conclude Horvath is entitled to an evidentiary hearing on this claim. 

III

[¶13] We reverse the district court order summarily dismissing Horvath’s petition for post-conviction relief and remand to the district court for an evidentiary hearing.

[¶14] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.