# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 10

Joshua James Ourada,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

No. 20180087

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Douglas R. Herman, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Samuel A. Gereszek, East Grand Forks, MN, for petitioner and appellant.

Leah J. Viste, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

**Ourada v. State**

**No. 20180087**

**Jensen, Justice.**

[¶1]     Joshua Ourada appeals from a district court order summarily dismissing his application for post-conviction relief. Ourada asserts he was not provided with proper notice prior to summary dismissal of his application. We reverse and remand for further proceedings.

I.

[¶2]     In June 2017, Ourada pleaded guilty to terrorizing and preventing arrest or discharge of other duties. Ourada was sentenced to three years of imprisonment following his guilty plea. In January 2018, Ourada filed an application for post-conviction relief. The application raised four issues: (1) an unlawful search; (2) exigent circumstances; (3) a challenge to the chain of custody regarding evidence; and (4) exaggerated charges. The State responded with an answer asserting Ourada waived the four issues stated in his application because all nonjurisdictional defects alleged to have occurred prior to a voluntary guilty plea are waived. The State's answer also included a request for summary disposition citing N.D.C.C. § 29-32.1-09(3). Twelve days later, the district court summarily dismissed Ourada's application without a response from Ourada.

II.

[¶3]     Post-conviction relief proceedings are civil in nature and all rules and statutes applicable in civil proceedings are available to the parties. *See Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568. "The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state." N.D.C.C. § 29-32.1-09(1). Here, the district court, on its own motion, could have denied Ourada's application as meritless under N.D.C.C. § 29-32.1-09(1) before the State responded to the application.

1

However, once the State responded, N.D.C.C. § 29-32.1-09(1) was no longer applicable.

[¶4] Consistent with N.D.C.C. § 29-32.1-09(1) and its requirement that the district court act prior to a response by the State, the district court treated the State's answer as a motion for summary disposition under N.D.C.C. § 29-32.1-09(3). Section 29-32.1-09(3), N.D.C.C., allows for summary dismissal of an application for post-conviction relief as follows:

> The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

[¶5] Under N.D.R.Ct. 3.2, "[n]otice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested." N.D.R.Ct. 3.2(a)(1). "Rule 3.2 authorizes the hearing of routine motions on brief without formal oral arguments but does not dispense with the requirement that a motion must be noticed." *First W. Bank of Minot v. Wickman*, 464 N.W.2d 195, 196 (N.D. 1990).

[¶6] Here, Ourada received the State's answer, but was not put on notice that the State had effectively motioned for summary disposition of his post-conviction application. Due process, even in the post-conviction setting, requires notice and an opportunity to be heard. *See Chisholm v. State*, 2014 ND 125, ¶ 18, 848 N.W.2d 703 (applicant for post-conviction relief was entitled to notice that his application may be summarily dismissed and an opportunity to file an answer brief). Because Ourada's application for post-conviction relief was summarily dismissed subsequent to the State's response and without proper notice, we conclude summary dismissal was not appropriate.

III.

2

[¶7]     We reverse the order dismissing the application for post-conviction relief and remand for further proceedings.

[¶8]     Jon J. Jensen
         Lisa Fair McEvers
         Daniel J. Crothers
         Jerod E. Tufte
         Gerald W. VandeWalle, C.J.