# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 47

Garron Gonzalez,                                                    Petitioner and Appellant

v.

State of North Dakota,                                            Respondent and Appellee

No. 20180188

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Julie A. Lawyer, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

**McEvers, Justice.**

[¶1] Garron Gonzalez appeals from an order summarily denying his application for post-conviction relief and an order denying his motion for reconsideration and to conduct discovery. Gonzalez argues the district court abused its discretion by denying his application for post-conviction relief, his motion for reconsideration and his motion for leave to conduct discovery. We reverse and remand, concluding the court erred by summarily denying his application sua sponte and the error was not rectified by the district court's order on reconsideration.

I

[¶2] In 2004, Garron Gonzalez pleaded guilty to two counts of gross sexual imposition and was sentenced. On February 27, 2018, after six prior applications for post-conviction relief, Gonzalez, acting *pro se*, filed his seventh application for post-conviction relief alleging the existence of newly discovered evidence. In his application, Gonzalez claimed newly discovered DNA analysis results were available at the time of the preliminary hearing on the gross sexual imposition charge even though the detective testifying said he had not received the results. Gonzalez also claimed the State withheld a related police report of gross sexual imposition filed by the sister of one of the State's witnesses. Finally, Gonzalez claims the State withheld the results of the physical examination of the victim in the case, the results of which he claims would not have supported the accusations. Gonzalez argues that had he known about these three pieces of evidence, he would have elected to proceed to trial instead of pleading guilty. He attached no supporting affidavits or documentation to supplement his most recent application.

[¶3]	On February 28, 2018, the State answered, raising the affirmative defenses of statute of limitations, laches, misuse of process, and res judicata. Arguing misuse of process, the State noted Gonzalez's application was barred because he failed to raise the claims in any of his six prior applications for post-conviction relief. The State did not move for summary disposition.

[¶4]	On March 13, 2018, without a response from Gonzalez, the district court *sua sponte* summarily denied his application, finding his seventh application for post-conviction relief was barred as a misuse of process under N.D.C.C. § 29-32.1-12(2).

[¶5]	In its order denying Gonzalez's application, the district court noted:

> Upon review of the latest petition, and in light of the procedural history of the multiple petitions filed by Gonzalez, the Court concludes that Petitioner Gonzalez had opportunities to bring the matter set forth in his *seventh* petition before the Court but chose not to.
>	The Court concludes that Gonzalez should have brought up these issues at trial or during other proceedings before this date, but did not do so, and the Court therefore concludes that this present (and *seventh*) application is barred as a misuse of process.

[¶6]	Gonzalez applied for court-appointed counsel after the State's answer, but was not appointed an attorney until March 26, 2018. After Gonzalez was appointed an attorney, he moved the district court to reconsider the denial of his application for post-conviction relief, arguing the results of the DNA analysis would have been material to the probable cause determination at the preliminary hearing and to his decision to change his plea. Gonzalez attached a facsimile of the allegedly withheld DNA analysis results and a portion of the transcript from the preliminary hearing as exhibits to his motion to reconsider. He requested the court hold a hearing on the application to address its merits. He also moved the court for leave to conduct discovery.

[¶7]	The district court denied the motion for reconsideration, noting the motion was untimely, but basing its ruling on the substance of the motion, holding the allegedly newly discovered evidence would not have been material to the finding of probable cause at the preliminary hearing. The court did not address whether the DNA analysis

2

would have been material to Gonzalez's decision to plead guilty. The court did not reach the remaining issues because the motion to reconsider was denied.

II

[¶8] Post-conviction proceedings are civil in nature; thus, all rules and statutes applicable in civil proceedings apply here. *Johnson v. State*, 2005 ND 188, ¶ 6, 705 N.W.2d 830; *Ourada v. State*, 2019 ND 10, ¶ 3, 921 N.W.2d 677. "An applicant has the burden of establishing grounds for post-conviction relief." *Comes v. State*, 2018 ND 54, ¶ 6, 907 N.W.2d 393 (quoting *Chisholm v. State*, 2014 ND 125, ¶ 8, 848 N.W.2d 703). That burden, however, has its limits: "A petitioner is not required to include, with an application for post-conviction relief, supporting evidentiary materials necessary to withstand a potential motion for summary dismissal." *Overlie v. State*, 2011 ND 191, ¶ 7, 804 N.W.2d 50 (citing N.D.C.C. § 29-32.1-04; *State v. Bender*, 1998 ND 72, ¶ 19, 576 N.W.2d 210).

[¶9] "Chapter 29-32.1, N.D.C.C., governs postconviction relief proceedings and provides the district court the specific authority to dismiss sua sponte frivolous postconviction relief applications." *State v. Holkesvig*, 2015 ND 105, ¶ 9, 862 N.W.2d 531. The district court, "on its *own motion*, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state." N.D.C.C. § 29-32.1-09(1) (emphasis added). The court may also summarily deny a successive application for similar relief on behalf of the same applicant, or if the issues raised in the application have previously been decided by the appellate court in the same case. *See Chisholm*, 2014 ND 125, ¶¶ 8-12 (discussing the 2013 amendments to N.D.C.C. § 29-32.1-09 adding subsections (1) and (2) to allow for a court to summarily dismiss an application for post-conviction relief in certain circumstances). Subsections (2) and (3) of N.D.C.C. § 29-32.1-09, provide additional grounds for summary disposition not relevant here.

3

[¶10]   We have previously explained the relationship between summary dismissal in post-conviction relief settings and N.D.R.Civ.P. 12(b) and N.D.R.Civ.P. 56 as follows:

> [S]ummary dismissal of an application is analagous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted.  The court may, on its own motion, dismiss a complaint for failure to state a valid claim.  On appeal from a N.D.R.Civ.P. 12(b)(6) dismissal, we will construe the application in the light most favorable to the applicant, accepting the well-pleaded allegations as true.  This Court will affirm a dismissal for failure to state a claim if it would be impossible for the applicant to prove a claim for which relief can be granted.
>
> When, however, matters outside the pleading are considered, the motion must be treated as a summary judgment motion under N.D.R.Civ.P. 56.  A court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09, which is analogous to summary judgment, if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. . . .  Under N.D.C.C. § 29-32.1-09(1), however, the court may dismiss a meritless application considering only the information in the application.

*Chase v. State*, 2017 ND 192, ¶¶ 6-7, 899 N.W.2d 280 (internal citations and quotations omitted); *see also Chisholm*, 2014 ND 125, ¶ 16 ("N.D.C.C. § 29-32.1-09(1) authorizes the court to dismiss a meritless application considering only the information in the application.").


A

[¶11]   On appeal, Gonzalez argues the district court erred by summarily denying his application for post-conviction relief.  He claims the court denied his application prematurely because he had not yet received court-appointed counsel and also because there remained genuine issues of material fact concerning the allegedly newly discovered evidence.  Gonzalez claims his application raised genuine issues of material fact regarding the date the newly discovered evidence was actually discovered, whether his failure to learn about the evidence at the time of trial was due to his own lack of diligence, whether the evidence is material to trial issues, and

4

whether the weight and quality of the newly discovered evidence is dispositive. While we do not address each of Gonzalez's contentions, we agree the court erred in *sua sponte* summarily denying his application because it did not allow Gonzalez notice and the opportunity to file an answer brief with supporting materials to show the existence of a genuine issue of material fact. The court summarily denied Gonzalez's application without a hearing for misuse of process, because he failed to raise his issue in prior petitions, relying on N.D.C.C. § 29-32.1-12(2). Section 29-32.1-12(2), N.D.C.C., provides:

> A court may deny relief on the ground of misuse of process. Process is misused when the applicant:
> a.    Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or
> b.    Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

[¶12]   Although the order does not specify under what authority the court summarily denied the application, we conclude it must fall under N.D.C.C. § 29-32.1-09(1) since subsections (2) and (3) are irrelevant as neither party moved for dismissal (and nothing indicates the court mistakenly believed either actually did) and the application does not allege ineffective assistance of post-conviction counsel. Section 29-32.1-09(1), N.D.C.C., provides:

> The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state. The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.

[¶13] The district court may only grant summary disposition *sua sponte* under N.D.C.C. § 29-32.1-09 before the State responds. *See Ourada*, 2019 ND 10, ¶ 4 (discussing N.D.C.C. § 29-32.1-09(1)). Here, the court denied Gonzalez's application after the State responded. In *Ourada*, the court treated the State's answer as a motion for summary disposition. *Id*. at ¶¶ 4, 6. We reiterated our requirement that an

applicant for post-conviction relief is entitled to due process, and requires notice and an opportunity to be heard. *Id*. at ¶ 6 (relying on *Chisholm*, 2014 ND 125, ¶ 18). Even if we assumed the court treated the State's answer as a motion for summary disposition, *Ourada* reiterates the notice component required in motion pleadings:

> Under N.D.R.Ct. 3.2, "notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested." N.D.R.Ct. 3.2(a)(1). "Rule 3.2 authorizes the hearing of routine motions on brief without formal oral arguments but does not dispense with the requirement that a motion must be noticed." *First W. Bank of Minot v. Wickman*, 464 N.W.2d 195, 196 (N.D. 1990).

2019 ND 10, ¶ 5. The court erred in denying Gonzalez's application without allowing him notice.

[¶14] Because the district court erred by denying his application, we next determine whether Gonzalez was prejudiced by the error. This Court's standard for harmless error states:

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.
> N.D.R.Civ.P. 61. This Court defines harmless error as "any error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial. . . ." *State v. Acker*, 2015 ND 278, ¶ 12, 871 N.W.2d 603.

*Hamilton v. State*, 2017 ND 54, ¶ 8, 890 N.W.2d 810. "This Court's objective in reviewing nonconstitutional error is to determine whether the error was so prejudicial that substantial injury occurred and a different decision would have resulted without the error." *Syvertson v. State*, 2000 ND 185, ¶ 37, 620 N.W.2d 362. Because Gonzalez was able to submit his claimed newly discovered evidence to the court, and the court considered the evidence and his motion to reconsider on the merits, the error in failing to provide notice to Gonzalez did not result in prejudice to him, unless the court erred in its analysis relating to the newly discovered evidence.

6

[¶15]   Gonzalez argues the district court abused its discretion by denying his motion for reconsideration and his motion for leave to conduct discovery.  In his motion to reconsider, Gonzalez argued the court should have permitted him to present the allegedly newly discovered evidence instead of summarily denying his application for post-conviction relief.  He argued that the results of the DNA analysis were available prior to the preliminary hearing, but not disclosed to him, and would have been material to his decision to change his plea to guilty.  Gonzalez attached the DNA analysis results as an exhibit to his motion to reconsider.  He cited to both N.D.R.Civ.P. 60(b) and N.D.R.Civ.P. 59(j) as the vehicles through which he moved to reconsider.

[¶16]   We will reverse a district court's denial of a motion for relief from judgment only if the court abused its discretion.  *Flaten v. Couture*, 2018 ND 136, ¶ 27, 912 N.W.2d 330 ("A district court's decision on a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) or on a motion for relief from judgment under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion.").  "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination."  *Flaten*, at ¶ 27.

[¶17]  In its order on Gonzalez's motion to reconsider, the district court acknowledged it did not reach the merits of Gonzalez's case when denying his application for post-conviction relief because it denied on the ground of misuse of process.  The court stated Gonzalez alleged the newly discovered evidence could have been material to the probable cause determination at the preliminary hearing, but it did not address Gonzalez's argument alleging the newly discovered evidence would have been material to his decision to plead guilty rather than proceed to trial.

[¶18]   The district court found that there was an overwhelming amount of probable cause already present, irrespective of the presence or absence of the allegedly

withheld evidence, such that the finding of probable cause would not have been vitiated had the allegedly withheld evidence been available. Gonzalez has not challenged the court's finding on this issue on appeal.

[¶19] However, the district court's order on the motion to reconsider did not address Gonzalez's argument that the DNA analysis results would have been material to his decision to plead guilty rather than proceed to trial. Without the court addressing this argument, we cannot conclude Gonzalez was not prejudiced by the court's error in initially summarily denying his application.

IV

[¶20] It is unnecessary to address other issues raised on appeal because they are either without merit or unnecessary to the decision.

V

[¶21] We reverse the order denying the application for post-conviction relief and remand for further proceedings.

[¶22] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

8