# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2019 ND 236

State of North Dakota,

Plaintiff and Appellee

v.

Jason James Vogt,

Defendant and Appellant

No. 20190124

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Tracy E. Hines, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee; submitted on brief.

Jason James Vogt, self-represented, Jamestown, ND, defendant and appellant; submitted on brief.

**VandeWalle, Chief Justice.**

[¶1]   Jason James Vogt appealed from a district court's orders summarily dismissing his motion to vacate judgment and withdraw guilty plea. Vogt argues the district court erred by denying his motion before allowing him time to respond pursuant to N.D.R.Ct. 3.2(a)(2). We reverse and remand for further proceedings.

I

[¶2]   In 2014, Vogt pleaded guilty to one felony count of gross sexual imposition and was sentenced. In 2015, Vogt applied for post-conviction relief alleging ineffective assistance of counsel. The district court denied Vogt's application. Vogt appealed and this Court affirmed. *Vogt v. State*, 2016 ND 48, 876 N.W.2d 485. In 2017, Vogt filed a second application for post-conviction relief. The application was denied, and Vogt did not appeal.

[¶3]   On March 7, 2019, Vogt filed a N.D.R.Ct. 3.2 motion to vacate judgment and withdraw guilty plea under N.D.R.Crim.P. 11(d). Vogt alleged: (1) his confession was coerced; (2) his attorney misinformed him of the sentence he would receive if he pleaded guilty; and (3) his plea was not entered into voluntarily, knowingly, or intelligently.

[¶4]   On March 11, 2019, the State answered. Without explicitly asserting them, the State raised the affirmative defenses of res judicata and misuse of process. The State argued that Vogt's claims were barred because the basis for his claims had already been litigated in his previous applications for post-conviction relief. The State did not move for summary disposition.

[¶5]   On March 13, 2019, without a response from Vogt, the district court issued its order denying Vogt's motion. The court found that Vogt entered a knowing and voluntary plea. The court also determined that Vogt's motion

argued ineffective assistance of counsel, which was the basis for his previous applications for post-conviction relief.

[¶6]   On March 25, 2019, Vogt filed a reply brief responding to the State's arguments. On the same day, the district court issued an "Order Confirming Order Denying Defendant's Motion to Withdraw Guilty Plea AND Order Denying Motion."

## II

[¶7]   Vogt moved to vacate the criminal judgment and withdraw his guilty plea under N.D.R.Crim.P. 11(d). Vogt's motion was not titled as an application for post-conviction relief, but he has previously filed two post-conviction relief applications. When a defendant has previously filed an application for post-conviction relief, a subsequent motion filed under the Rules of Criminal Procedure will be treated as an application for post-conviction relief when the motion "seek[s] to evade the boundaries of post-conviction proceedings." *Chase v. State*, 2019 ND 214, ¶ 4; *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441; *State v. Gress*, 2011 ND 233, ¶ 6, 807 N.W.2d 567. Because Vogt has filed two previous post-conviction relief applications, we consider Vogt's motion as his third application for post-conviction relief.

## III

[¶8] Vogt argues that the district court summarily dismissed his application without being provided proper notice pursuant to N.D.R.Ct. 3.2. Section 29-32.1-09, N.D.C.C., provides:

1.    The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state. The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.
. . . .

3. The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

Under N.D.C.C. § 29-32.1-09(1), the district court may only summarily dismiss an application *sua sponte* before the State responds. *Gonzalez v. State*, 2019 ND 47, ¶ 13, 923 N.W.2d 143 (citing *Ourada v. State*, 2019 ND 10, ¶ 4, 921 N.W.2d 677). After the State responds, "summary dismissal on the court's own motion is no longer an option under N.D.C.C. § 29-32.1-09(1)." *Chase*, at ¶ 8 (citing *Ourada*, at ¶ 3). If the court grants summary disposition after the State responds, it must do so on the motion of either party under N.D.C.C. § 29-32.1-09(3). *See Chase*, at ¶ 8; *Gonzalez*, at ¶ 13; *Ourada*, at ¶ 3.

[¶9] A district court may treat a party's answer as a motion to summarily dismiss. *See Chase*, at ¶ 8 (citing *Ourada*, at ¶ 6). But in doing so, a defendant must be provided notice and an opportunity to be heard pursuant to N.D.R.Ct. 3.2. *Id.*; *see also Chisholm v. State*, 2014 ND 125, ¶¶ 17-19, 848 N.W.2d 703 (holding defendant must be "provided with notice and an opportunity to present evidence raising a genuine issue of material fact" when the district court relies on information outside the application in summarily dismissing). Under N.D.R.Ct. 3.2(a)(1): "Notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested."

[¶10] Determining whether the district court summarily dismissed Vogt's motion on its own under N.D.C.C. § 29-32.1-09(1) or treated the State's answer as a motion for summary dismissal under N.D.C.C. § 29-32.1-09(3) is unnecessary. Because the State filed its answer, Vogt should have been provided proper notice, pursuant to N.D.R.Ct. 3.2, that the court intended to summarily dismiss Vogt's motion. Vogt's application for post-conviction

3

relief was summarily dismissed subsequent to the State's response and without proper notice. We conclude summary dismissal was not appropriate.

## IV

[¶11] It is unnecessary to address other issues raised on appeal because they are either without merit or unnecessary to the decision.

## V

[¶12] We reverse the orders dismissing the application for post-conviction relief and remand for further proceedings.

[¶13] Gerald W. VandeWalle, C.J.
        Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte