20200152

FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 19, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2020 ND 250

Derek Matthew Wisham,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

### No. 20200152

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Paul E. Jensen (argued), Assistant State's Attorney, and Allen M. Koppy (appeared), State's Attorney, Mandan, ND, for respondent and appellee.

**Jensen, Chief Justice.**

[¶1]   Derek Matthew Wisham appeals from an order denying his application for post-conviction relief. Following the filing of his application, the State filed an answer and moved the district court for summary disposition. Because Wisham failed to timely respond to the State's request for summary disposition, we affirm the dismissal of his application for post-conviction relief.

I

[¶2]   In 2014, Wisham was charged with gross sexual imposition and assault. On December 21, 2015, Wisham pled guilty to a charge of sexual imposition, a class B felony, and assault, a class A misdemeanor.  He was sentenced to ten years of incarceration with all but four years suspended for two years on the sexual imposition charge and one year straight time on the assault charge, with credit for time served on both counts.

[¶3]   On August 9, 2016, Wisham's first application for post-conviction relief contended that his accuser had perjured herself, his guilty plea was coerced, breach of contract, and denial of effective assistance of counsel. With the exception of denial of effective assistance of counsel, the district court summarily dismissed all of the allegations in Wisham's petition. Following an evidentiary hearing on Wisham's allegation of ineffective assistance of counsel, the court found Wisham had failed to meet his burden of proof and dismissed Wisham's application. This Court affirmed the dismissal in *Wisham v. State*, 2017 ND 235, 903 N.W.2d 60.

[¶4]   In his second application filed on March 24, 2017, Wisham asserted that his good time was improperly calculated and that his sex offender registration requirement is unconstitutional. His second application was summarily dismissed. This Court affirmed the dismissal in *Wisham v. State*, 2017 ND 236, 903 N.W.2d 60.

[¶5] Wisham filed his third application on June 23, 2017, arguing the charges he faced were unconstitutional. The court denied his application.

[¶6] On June 26, 2017, while his third application was still pending, Wisham filed his fourth application asserting his plea agreement was breached and that his good time was calculated improperly. The court dismissed his claim.

[¶7] On March 12, 2020, Wisham filed his fifth, and current, post-conviction application alleging: (1) there was a breach of contract regarding the terms of Wisham's plea deal; (2) he did not agree to a denial of probation; (3) he did not receive proper good time calculation; (4) he did not agree to sex offender registration; (5) the charge he pled guilty to is improperly listed as a gross sexual imposition and not the amended sexual imposition; (6) his attorney never properly explained what an Alford plea was and if he properly understood that an Alford plea is akin to a nolo contendere plea he would not have agreed to change his plea; (7) his attorney did not explain the punishment attached to the crime, the culpability level of "willingly" or his probable sentence if he would have been convicted at trial; (8) he did not agree to excessive treatment; (9) his treatment is requiring additional punishment through extortion; (10) his rights have not been properly restored to him in a violation of his right due process; and (11) ineffective assistance of counsel. On March 25, 2020, the State responded to the application with an answer and a motion requesting summary disposition of Wisham's application.

[¶8] Wisham did not respond to the State's motion for summary disposition. On April 28, 2020, the court summarily disposed of Wisham's application after finding Wisham had failed to state any of the grounds listed under N.D.C.C. § 29-32.1-01(1) which would entitle him to post-conviction relief, and failed to assert any of the exceptions to the two year statute of limitations provided by N.D.C.C. § 29-32.1-01(3). Additionally noted, this was Wisham's fifth application for post-conviction relief and his primary complaint was related to

2

conditions of probation. In summary, the court found the application was untimely and barred by res judicata.

[¶9] On May 5, 2020, through counsel, Wisham filed a motion to reconsider. The court denied Wisham's application for post-conviction relief on May 26, 2020. Wisham appeals only from the April 28, 2020 order denying his application for post-conviction relief.

II

[¶10] This Court has previously recognized N.D.R.Ct. 3.2, applies to post-conviction proceedings brought pursuant to N.D.C.C. Chapter 29-32.1. *Ourada v. State*, 2019 ND 10, ¶ 5, 921 N.W.2d 677; *Atkins v. State*, 2019 ND 146, ¶ 5, 928 N.W.2d 438. Specifically, we have recognized the application of Rule 3.2, N.D.R.Ct., to the summary disposition of an application for post-conviction relief pursuant to N.D.C.C. § 29-32.1-09(3). *Ourada*, at ¶ 5; *Atkins*, at ¶¶ 4-5.

[¶11] A party responding to a motion has 14 days "to serve and file an answer brief and other supporting papers." N.D.R.Ct. 3.2(a)(2). Absent a request for oral argument, "[u]pon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court . . .". *Id*. "Failure to file a brief by the opposing party may be deemed an admission . . . the motion is meritorious." N.D.R.Ct. Rule 3.2(c). However, "the moving party must still demonstrate to the court that it is entitled to the relief requested." *Id*.

[¶12] In the present case, the State filed a motion seeking summary disposition pursuant to N.D.C.C. § 29-32.1-09 on March 25, 2020. Wisham did not respond to the motion. On April 28, 2020, 33 days later, the district court entered an order dismissing Wisham's application. Absent a response to the State's assertion the claims were untimely and barred by res judicata, we conclude the court did not err in summarily disposing of Wisham's application.

## III

[¶13] The State moved for summary disposition of the application for post-conviction relief asserting the application was untimely and barred by res judicata. Wisham failed to respond to the motion and the district court dismissed his application. We affirm the court's summary disposition of Wisham's application.

[¶14] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte