# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 163

Jason James Vogt,                                    Petitioner and Appellant

v.

State of North Dakota,                               Respondent and Appellee

## No. 20220058

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John Charles Irby, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

SheraLynn Ternes, Assistant State's Attorney, Fargo, ND, Nicholas S. Samuelson, Assistant State's Attorney, and Tanner Langley, appearing under the Rule on the Limited Practice of Law by Law Students, Fargo, ND, for respondent and appellee.

**McEvers, Justice.**

[¶1] Jason Vogt appeals from a judgment dismissing his application for post-conviction relief. He argues the district court erred when it dismissed his petition because the State waived its affirmative defenses and its motion for dismissal was untimely; the court erred when it held his application was barred by the statute of limitations; and, equitable estoppel should apply because the State fraudulently induced him into agreeing to a continuance. We affirm.

I

[¶2] Vogt pled guilty to gross sexual imposition. *See* 09-2013-CR-3705. His first application for post-conviction relief was summarily affirmed in *Vogt v. State*, 2016 ND 48, 876 N.W.2d 485. He filed a second application that was dismissed and not appealed. *See* 09-2017-CV-3345. He then filed a motion in his criminal case to vacate the judgment and withdraw his guilty plea. *See State v. Vogt*, 2019 ND 236, ¶ 7, 933 N.W.2d 916. On appeal, we treated the motion as a third application for post-conviction relief. *Id.* We reversed and remanded concluding Vogt had not been given proper notice before his application was summarily dismissed. *Id.* at ¶ 10.

[¶3] Vogt's present application for post-conviction relief claims he is innocent, his counsel was ineffective, his guilty plea was involuntary, and his confession was coerced. The State asserted defenses of res judicata, misuse of process, and the statute of limitations. Vogt responded with a psychological assessment that he claims is newly discovered evidence. The psychological assessment was prepared after his application was filed. The assessment opines Vogt may have involuntarily waived his rights and he may have falsely confessed.

[¶4] The State filed a "Motion to Dismiss or Motion for Summary Disposition." Vogt responded arguing the State's motion was untimely and his application was not barred by the statute of limitations because the psychological assessment is newly discovered evidence. The district court held

a motion hearing. Ruling from the bench, the court dismissed the application holding: "none of this was timely here. I don't consider this report, as interesting as it is, as newly discovered evidence . . . We're way outside of that two-year statute of limitations." The court entered a written order and a dismissal judgment.

## II

[¶5] In post-conviction relief cases, the petitioner bears the burden of establishing grounds for relief. *Morris v. State*, 2019 ND 166, ¶ 6, 930 N.W.2d 195.

> When we review a district court's decision in a post-conviction proceeding, questions of law are fully reviewable. The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.

*Id.* (quoting *Curtiss v. State*, 2016 ND 62, ¶ 7, 877 N.W.2d 58). The North Dakota Rules of Civil Procedure and the North Dakota Rules of Court are applicable in post-conviction relief proceedings to the extent they do not conflict with the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1. *Burden v. State*, 2019 ND 178, ¶ 10, 930 N.W.2d 619.

## III

[¶6] Vogt argues the district court erred when it dismissed his petition because the State waived its affirmative defenses and its motion was untimely.

### A

[¶7] Vogt claims the State waived its affirmative defenses by failing to assert them in a timely manner. The State asserted defenses of res judicata, misuse of process, and the statute of limitations. Under N.D.C.C. § 29-32.1-12(3), res judicata and misuse of process are affirmative defenses that must be raised in

2

the State's responsive pleading. Chapter 29-32.1 does not specify when a statute of limitations defense must be asserted. We therefore look to the Rules of Civil Procedure. *See Burden*, 2019 ND 178, ¶ 10. Under N.D.R.Civ.P. 8, a statute of limitations is an affirmative defense that must also be raised in a responsive pleading. *See Lehman v. State*, 2014 ND 103, ¶ 8, 847 N.W.2d 119 (holding the State waived a statute of limitation defense in a post-conviction proceeding). The State is required to respond to an application for post-conviction relief by answer or motion within 30 days of the petitioner docketing the application. N.D.C.C. § 29-32.1-06.

[¶8] Here, Vogt filed his application on November 3, 2020. The State filed its answer on November 12, 2020. The State's answer was filed within 30 days of Vogt's application and is therefore within the deadline set out by the Uniform Postconviction Procedure Act. The State's answer explicitly asserted the defenses of res judicata, misuse of process, and the N.D.C.C. § 29-32.1-01(2) statute of limitations. We therefore hold the State's assertion of its affirmative defenses was timely.

B

[¶9] Vogt claims the State's motion was untimely. Different timing requirements apply depending on the type of motion. To decide this issue, we must first identify the appropriate rule.

[¶10] Under N.D.C.C. § 29-32.1-11, when a district court denies an application for post-conviction relief, it "must indicate whether the decision is based upon the pleadings, is by summary disposition, or is the result of an evidentiary hearing." Here, the district court did not expressly specify the basis for its decision. The record indicates the court considered the psychological assessment Vogt submitted, which was not attached to or embraced by the pleadings. The court also did not hold an evidentiary hearing. We thus treat the court's dismissal of Vogt's application as one by summary disposition under N.D.C.C. § 29-32.1-09.

[¶11] Because N.D.C.C. ch. 29-32.1 does not specify timing requirements for summary disposition motions, we again look to the Rules of Civil Procedure.

Summary disposition of an application for post-conviction relief under N.D.C.C. § 29-32.1-09(3) based on matters outside the pleadings is analogous to an N.D.R.Civ.P. 56 summary judgment. *See Chisholm v. State*, 2014 ND 125, ¶¶ 12-17, 848 N.W.2d 703. A Rule 56 motion and supporting documents must be filed "at least 90 days before the day set for trial and 45 days before the day set for the hearing unless otherwise ordered." N.D.R.Civ.P. 56(c)(1). After the movant serves its brief, the opposing party is allowed 30 days to respond. *Id.* Rule 6, N.D.R.Civ.P., also provides rules for timing and motions. It specifies the court may, for good cause, extend timing deadlines. If a timing requirement has already expired, there must be excusable neglect for the court to issue an extension. N.D.R.Civ.P. 6(b)(1)(B). A district court's decision to grant or deny a continuance is reviewed for an abuse of discretion. *Pinkney v. State*, 2021 ND 155, ¶ 8, 963 N.W.2d 737. "A court abuses its discretion by acting unreasonably, arbitrarily, or unconscionably." *Id.*

[¶12] In this case, before any motions were filed, the district court set a "Post-Conviction Hearing" for May 14, 2021. The parties agreed to a continuance after Vogt filed his psychological assessment. The court reset the hearing for September 17, 2021. On September 14, 2021, the State served notice of its motion and brief. The State's motion requested that if Vogt "needs additional time to respond, the State requests both the motion and post-conviction hearing be rescheduled allowing an extended time to respond." The court held the hearing, noted the timing issue, and asked Vogt's counsel how she preferred to proceed. She stated she intended to present evidence that day, but if the court chose not to hear evidence:

> [T]hen I would like my 30 days to respond to the motion properly. The State can then — time to reply to that brief that I filed. The Court can then decide whether to dismiss the case or not dismiss the case, and then have our evidentiary hearing after that. That is technically, procedurally how it should go.

The State agreed and moved for a continuance. Vogt objected. The court granted the State's motion and reset the hearing giving Vogt an additional 30 days to respond.

4

[¶13] On this record, we are not convinced the district court abused its discretion when it granted the continuance. It is not clear whether a deadline had passed at the time the State requested the continuance. There is no scheduling order in the record, nor was there any indication of the intended scope of the September hearing at the time the State filed its motion. In any event, Vogt was on notice, for almost a year, of the defenses the State raised in its motion. And the court gave Vogt 30 days to respond as required by N.D.R.Civ.P. 56. *See Chisholm*, 2014 ND 125, ¶ 10 (a party must be given 30 days to respond to a request for summary disposition). We conclude Vogt's argument concerning the timeliness of the State's motion is without merit.

IV

[¶14] Vogt argues the district court erred when it held his application is barred by the statute of limitations. Vogt claims a psychological assessment proves law enforcement elicited "coerced statements" from him and therefore his plea of guilty was not "voluntarily, knowingly, or intelligently made because of the newly discovered evidence."

[¶15] We apply the following standard for summary disposition of an application for post-conviction relief upon a motion:

> A court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29–32.1–09, which is analogous to summary judgment, if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.

*Chisholm*, 2014 ND 125, ¶ 10 (internal citations omitted) (quoting *Wong v. State*, 2010 ND 219, ¶ 12, 790 N.W.2d 757).

[¶16] Under N.D.C.C. § 29-32.1-01(2), a petition for post-conviction relief must be filed within two years of a final conviction. Section 29-32.1-01(3)(a)(1) provides an exception to the limitation period if:

5

The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted[.]

We apply a four-pronged test to a petition for post-conviction relief based on newly discovered evidence following a guilty plea. *See Bridges v. State*, 2022 ND 147, ¶ 13, --- N.W.2d --- (modifying our prior test). The petitioner must prove: (1) the evidence was discovered after his or her guilty plea; (2) failure to discover the evidence prior to the plea was not the result of his or her lack of diligence; (3) the newly discovered evidence is material to what would have been the issues at trial; and (4) "if proved and reviewed in light of the evidence as a whole the newly discovered evidence would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." *Id.* at ¶¶ 9, 13 (internal quotations omitted).

[¶17] Even taking as true the assertions in the psychological assessment Vogt relies on, his argument fails as a matter of law. Vogt is attempting to use the assessment to prove his plea of guilty was involuntary. He does not claim the assessment establishes his innocence. At the motion hearing, his counsel argued: "[W]hat Mr. Vogt is saying is that if he had had this report, prior to his change of plea; that he wouldn't have changed his plea because they would have made a motion to suppress." Vogt has not explained how the psychological assessment would establish he did not commit the crime to which he pled guilty. Under both our prior test and the test we announced in *Bridges*, Vogt has not demonstrated the newly discovered evidence exception to the N.D.C.C. § 29-32.1-01 statute of limitations applies. Vogt's petition, which was filed more than two years after his conviction became final, is time barred.

V

[¶18] Vogt invites us to apply the principles of equitable estoppel we discussed in *Ellis v. North Dakota State University*, 2009 ND 59, ¶ 18, 764 N.W.2d 192 and *Burr v. Trinity Medical Center*, 492 N.W.2d 904, 908 (N.D. 1992). He argues the State fraudulently induced him into a stipulated continuance under

a pretense that it was reviewing the psychological assessment. He claims that because of the State's representations, "he essentially forfeited his evidentiary hearing in this matter." However, in the district court, Vogt implied the State's request for a continuance was in bad faith, but he did not assert principles of equitable estoppel entitled him to an evidentiary hearing. We therefore will not address this argument on appeal. *See State v. Kelly*, 2022 ND 112, ¶ 2, 974 N.W.2d 634 ("This Court does not address issues raised for the first time on appeal.")

## VI

[¶19] We affirm the judgment.

[¶20] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte